ROY STINEHAGEN, APPELLANT, V. NEIL OLSON, WARDEN OF
THE NEBRASKA STATE PENITENTIARY, APPELLEE.

17 N. W. 2d 674

FILED FEBRUARY 16, 1945. No. 31873.

*Roy Stinehagen, pro se.*

*Walter R. Johnson, Attorney General, H. Emerson Kok-jer* and *Carl H. Peterson, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

This habeas corpus proceeding was instituted in the district court for Lancaster county by the relator, Roy Stinehagen, against Neil Olson, Warden of the Nebraska State Penitentiary, as respondent, to obtain relator's release. From an order denying the writ and dismissing his petition, the relator has appealed.

Relator was originally sentenced to the penitentiary from Custer county for a period of three years on an insufficient fund check charge. He raises several reasons why this commitment was void. They are not material here for he was discharged from this commitment on October 2, 1943.

However, on September 5, 1939, while he was serving this sentence he took leave from the penitentiary without the consent of the authorities in charge. He was later, on August 1, 1941, apprehended at Phoenix, Arizona, and returned to the penitentiary. After his return information was filed in the district court for Lancaster county on October 30, 1941, charging the relator with unlawfully and feloniously breaking custody and escaping from the Nebras-

ka penitentiary on September 5, 1939, while confined therein upon conviction of a felony.

In this proceeding counsel was appointed for the relator, plea of not guilty was entered and trial to a jury was had and he was found guilty. After the overruling of his motion for new trial the relator was sentenced to two years, same to commence upon completion of his former sentence. No appeal was perfected and it is under this sentence that the relator now serves.

The proceedings under the charge of breaking custody were in all things regular and unless the relator can in this proceeding raise the question of the former commitment being void as a basis for his release, the petition does not state facts sufficient to justify the issuance of a writ.

Section 28-736, R. S. 1943, under which the relator was charged with unlawfully breaking custody, provides in part as follows: "If any person confined in any penitentiary, * * * or any penitentiary trusty or any person in legal custody or confined in any jail, either awaiting trial in any felony complaint lodged against him, or upon conviction for a felony, shall break such custody and escape therefrom, or attempt to do so, he shall upon conviction be punished by confinement in the penitentiary * * * ."

Under the provisions of this statute his sentence from Custer county committing him to the penitentiary for three years, even though it might have been reversed on appeal or set aside on habeas corpus, was, nevertheless, effective until so reversed or set aside to sustain his conviction of breaking custody and escaping from the penitentiary while confined under it.

Under a similar statute, the Pennsylvania court held the rule to be as follows: "Even if prisoner's sentence for robbery might be reversed on appeal or set aside on habeas corpus for defects of substance leading up to his plea of guilty, it would be effective until so reversed or set aside, and breaking or escaping from the penitentiary while confined under sentence would be a crime punishable under statute * * * ." *Commonwealth ex rel. Banky v. Ashe,* 16

Atl. 2d 668 (142 Pa. Super. 396). To the same effect, see *Commonwealth ex rel. Penland v. Ashe,* 142 Pa. Super. 403, 17 Atl. 2d 224; *State v. Lewis,* 19 Kan. 260, 27 Am. Rep. 113; *Jones v. State,* 158 Miss. 366, 130 So. 506.

The sentence of imprisonment imposed upon the relator for breaking custody and escaping from the penitentiary precludes his discharge from confinement and the judgment of the lower court is affirmed.

AFFIRMED.