ALBERT E. GOEDERT, APPELLANT, v. JAMES M. JONES, WARDEN, NEBRASKA STATE PENITENTIARY, APPELLEE.

36 N. W. 2d 119

Filed February 25, 1949. No. 32550.

*Albert E. Goedert,* pro se, for appellant.

*James H. Anderson,* Attorney General, and *Walter E. Nolte,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The relator filed an application for a writ of habeas corpus in the district court for Lancaster County against

James M. Jones, warden of the Nebraska State Penitentiary as respondent, to obtain his release from the penitentiary. From an order denying the writ and dismissing the petition, the relator has appealed.

The relator alleged in his petition for a writ of habeas corpus that he was convicted of breaking out of and escaping from the county jail of Dawson County, Nebraska, while he was being held under a charge of burglary. The relator further alleged that the offense upon which he was being held was not a felony; and that the charge was illegal and was subsequently dismissed.

Section 28-532, R. S. 1943, defines the crime of burglary and provides for punishment by imprisonment in the penitentiary not more than ten years nor less than one year, or by a fine not exceeding five hundred dollars, or imprisonment in the jail of the county not exceeding six months.

Section 29-102, R. S. 1943, provides in part: "The term 'felony' signifies such an offense as may be punished with death or imprisonment in the penitentiary."

Under the provisions of section 29-102, R. S. 1943, if the maximum penalty is one year or more in the penitentiary, the crime is a felony. See Rains v. State, 142 Neb. 284, 5 N. W. 2d 887.

Section 28-736, R. S. 1943, provides in part: "If any person confined * * * in any jail, either awaiting trial in any felony complaint lodged against him * * * shall break such custody and escape therefrom, or attempt to do so, he shall upon conviction be punished by confinement in the penitentiary for a period of not less than one year nor more than ten years."

The offense of breaking custody and escaping from jail by the relator was complete when he escaped. He did not appeal from the conviction. The disposition made of the burglary charge later is not material or relevant here.

The instant case is governed by the case of Stinehagen

v. Olson, 145 Neb. 653, 17 N. W. 2d 674, which held: "Under the provisions of section 28-736, R. S. 1943, a sentence committing a person to the penitentiary, even though it might be reversed on appeal or set aside on habeas corpus, would, nevertheless, be effective to sustain a conviction for breaking custody and escaping therefrom while confined under it."

If the petitioner shows by the facts which he sets forth in his application for the writ that he is not entitled to relief, then the writ should be denied. See In re Application of Tail, Tail v. Olson, 145 Neb. 268, 16 N. W. 2d 161.

The sentence of imprisonment imposed upon the relator for breaking custody and escaping from jail in Dawson County while awaiting trial on the charge of the crime of burglary precludes his discharge from confinement in the state penitentiary, and the judgment of the district court is affirmed.

AFFIRMED.