JAMES ROBERT BROWN, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

88 N. W. 2d 775

Filed March 14, 1958. No. 34290.

*Raymond T. Coffey* and *T. Victor Jorgensen,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *John E. Wenstrand,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

Plaintiff in error, hereinafter called the defendant, was convicted under the provisions of section 28-736, R. R. S. 1943, by a verdict of a jury of attempting to escape legal custody. He brings error here. His assignments are that the court erred in not sustaining his motion for a directed verdict and in the giving of one instruction to the jury.

We affirm the judgment of the trial court.

Defendant was involved in a disturbance in an apartment house in Omaha on March 25, 1956. Property was damaged and glass was broken. Defendant was taken to a hospital where stitches were put in a cut in his arm. He was then taken to the police station and later into municipal court. It was there determined that he should be delivered to the juvenile authorities. He with his attorney and mother then went to the office of the probation officer. There an informal conference

was held. It was decided that defendant should be allowed to go to his doctor to have stitches removed from his arm and should then return to custody to be held until investigation disclosed what should be done. That was done. He returned, and on April 3, 1956, was placed in custody in the juvenile ward in the jail of the courthouse, that being a place provided by the county authorities for that purpose. He was placed there under the direction of the probation officer as a juvenile delinquent.

On April 5, 1956, the probation officer filed a petition, sworn to on information and belief, that on January 30, 1953, a petition had been filed alleging that defendant was a delinquent child in that he "with another unlawfully took a car"; that a hearing was had on said petition and it was determined that the charges of delinquency were true; and that defendant was placed on probation. It was further alleged that in violation of the terms of his probation he was, in July 1955, involved in assault on several persons. It then alleged that defendant continued to be delinquent both because of the event in the apartment house and general allegations of waywardness. On the same day a praecipe for a summons was filed.

Late that afternoon at 5:45 p.m., defendant and another inmate of the juvenile ward assaulted the matron, threw her to the floor, took the keys from her, and attempted to open the doors not only to the enclosure where they were, but to the cells in another ward housing adult prisoners, one of whom was known to defendant.

The attempted escape was prevented by the arrival of two officers. Defendant was then charged with an offense under the provisions of section 28-736, R. R. S. 1943, which is in part: "If any person * * * in legal custody, or confined in any jail, either awaiting trial on any complaint lodged against him, or upon conviction for any offense, shall break such custody and es-

cape therefrom, or attempt to do so, he shall, upon conviction thereof, be fined not more than five hundred dollars, or be punished by confinement in the penitentiary for a period of not less than one year nor more than ten years."

Defendant raises a number of contentions under his assignment that a directed verdict for the defendant should have been had on his motion.

The first contention here is that it must be shown that he be in "legal custody" as required by section 28-736, R. R. S. 1943; that the evidence shows his confinement to be illegal; and that, therefore, he had a right to escape. Defendant's theory seems to be that when placed in the juvenile ward it was only on the direction of the juvenile officer. We need not debate that contention. It is clear that when the attempt to escape was made a complaint had been filed against him under the provisions of section 43-205, R. R. S. 1943. Defendant was obviously in legal custody sufficient to authorize his detention, subject always to challenge in the methods provided by law. We find no merit in the contentions of defendant. See Stinehagen v. Olson, 145 Neb. 653, 17 N. W. 2d 674.

Defendant's next contention is that he was not "awaiting trial on any complaint lodged against him." Quite clearly a "petition" had been filed against him that meets the requirements of section 43-205, R. R. S. 1943. A praecipe for summons had been issued therein fixing the time of the hearing and requiring the attendance of the mother and the complaining witness. The fact that the complaint was denominated a petition is of no importance. In fact in Laurie v. State, 108 Neb. 239, 188 N. W. 110, the terms "petition" and "complaint" are used interchangeably. Section 43-207, R. R. S. 1943, denominates the hearing on the complaint to be a trial. We find no merit to the contention.

Section 28-736, R. R. S. 1943, was reenacted in 1951. Laws 1951, c. 81, § 1, p. 243. Defendant contends that

if his confinement came within the purview of section 28-736, R. R. S. 1943, then it is unconstitutional as an amendment of the Juvenile Court Act without reference thereto in the title or body of the act. He cites no authorities or reasons for the contention. It is without merit. The detention of the defendant awaiting hearing on the juvenile delinquency complaint set up the factual condition that made the attempt to escape custody an offense.

This brings us to the alleged error in the instruction.

The State's evidence was that the defendant was the principal actor in the assault on the matron and the attempt to escape. The defendant testified that the other juvenile assaulted the matron, threw her to the floor, and held her there; and that all he did was take the keys by direction and undertake to unlock the doors.

Under these circumstances the trial court gave an instruction under the provisions of section 28-201, R. R. S. 1943, which was as follows: "You are further instructed that the Criminal Code of the State of Nebraska provides: 'Whoever aid (sic), abets, or procures another to commit any offense, may be prosecuted and punished as if he were the principal offender.'

"In this connection, you are instructed that evidence has been offered tending to establish the guilt of the defendant by reason of being an abettor, accessory, and accomplice."

The court then defined accessory, abettor, and accomplice.

Defendant does not contend that he was improperly charged under the provisions of section 28-736, R. R. S. 1943. Rather he contends that section 28-731, R. R. S. 1943, is the applicable special statute that covers the offense of assisting a prisoner to escape. Section 28-731, R. R. S. 1943, provides: "If any person shall aid or assist or attempt to aid or assist any prisoner, confined in any jail or other place of confinement, charged

with, or convicted of any offense against the laws of this state, or against the laws of any other state or territory of the United States, to make his or her escape from such jail or place of confinement, every person so offending shall be fined not more than five hundred dollars or be imprisoned in the jail of the county not exceeding six months, or both, at the discretion of the court."

We need point out only one of several patent reasons why section 28-731, R. R. S. 1943, has no application to the fact situation here. It provides punitive sanctions for assisting any prisoner "to make his or her escape." Prior to 1915 this provision had the qualifying clause "although no escape be actually made." § 8747, Rev. St. 1913. In 1915 by amendment, the qualifying clause was deleted from the act. Laws 1915, c. 160, § 1, p. 331. At the same time section 28-732, R. R. S. 1943, was amended in other particulars, but the clause "whether such escape be effected or attempted or not" was not deleted from the prior act. § 8748, Rev. St. 1913.

Under these circumstances it is patent that section 28-731, R. R. S. 1943, does not apply to those cases where no escape is actually made. It follows that the assignment is without merit.

The judgment of the trial court is affirmed.

AFFIRMED.

YEAGER, J., participating on briefs.