George Calvin **FORD**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 19639.

United States Court of Appeals
Eighth Circuit.

Nov. 20, 1969.

George Calvin Ford, pro se.

James E. Reeves, U. S. Atty., and James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, GIBSON and BRIGHT, Circuit Judges.

FLOYD R. GIBSON, Circuit Judge.

The petitioner-appellant George Calvin Ford seeks relief in this § 2255 proceeding from a 15-year sentence imposed upon a plea of guilty to an attempted robbery of the State Bank of Fisk in Butler County, Missouri, on September 12, 1966, in violation of 18 U.S.C. § 2113(a) and (d). Ford was initially arrested by Missouri authorities and allegedly was held incommunicado from on or about September 12, 1966 to September 21, 1966. He remained in state custody until the 11th day of January, 1967, when he was arrested on the federal charge. Counsel was appointed for petitioner by the State Court on October 3, 1966 but the state proceedings were not pursued pending the prosecution in the United States District Court. A plea of guilty to the federal charge was entered on January 27, 1967. Counsel for the federal proceedings had been appointed on January 20, 1967 and had conferred with petitioner at length three times prior to his plea of guilty.

Petitioner Ford takes no issue with the fact that he is guilty of the crime charged. In his plea of guilty he disclosed the details of and his participation in the crime of attempted bank robbery aggravated by Ford shooting David Shain, the cashier, in the leg during the commission of the offense. Ford now contends in this § 2255 proceeding (filed one year and 10 months after his guilty plea) that his plea of guilty to the federal charges was involuntary and a product of coercion and intimidation in that the local authorities (unnamed) of the State of Missouri promised him they would drop the state charges if he would enter a plea of guilty in the federal court to a federal charge of bank robbery, and threatened that "he would be given a life sentence under the habitual criminal statute of the State of Missouri" if he refused to plead guilty to the federal charges.

Subsequent to petitioner's conviction in the federal court, state charges were dismissed against him but were later refiled and evidently a detainer placed against him.

The trial judge, the Honorable James H. Meredith of the Eastern District of Missouri, denied relief without a hearing and in a memorandum opinion (not reported) held Ford had voluntarily entered a plea of guilty after having consulted with his counsel. Judge Meredith ruled that the provisions of Rule 11, Fed.R.Crim.P. had been complied with since he addressed the petitioner personally prior to his plea and thereby ascertained that the plea was voluntary, that the petitioner understood the nature of the charge and the consequences of the plea, and that there was a factual basis for the charge. The trial judge further held: "The record shows that the decision to plead guilty to the federal charge was a calculated move on the part of the petitioner to avoid what he considered a worse fate." Ford duly appealed.

It is doubtful whether the Missouri authorities have much of a club under the Missouri Habitual Criminal statutes. The regular habitual criminal statute, amended in 1959, V.A.M.S. § 556.280 is applicable to second offenses and provides in essence that a second offender shall receive such punishment as is provided by law for the second offense as the trial judge determines after the person has been convicted of the offense charged. This statute has the practical effect of placing the sentencing function in the trial judge rather than in the jury, as is generally the practice in Missouri. There is, however, another section of the Missouri statutes, § 556.140 V.A.M.S., that provides for an increased penalty for committing felonies while armed with a deadly weapon. Depending upon the number of felonies so committed, punishment is increased until upon a fourth or subsequent conviction for a felony so committed a person may receive a sentence of life imprisonment.

While Ford has an extensive criminal record,[1] dating back to 1944, it is doubtful whether he would qualify for the life sentence under § 556.140. Conjecture about possible sentences, however, would serve no purpose and would be irrelevant in a determination of the voluntariness of defendant's plea to the federal charge. The trial court in its memorandum mentioned that the petitioner in a letter to the court in February, 1968 stated he was advised by his counsel to plead to the federal charge rather than face prosecution under the state habitual criminal statutes.[2]

Assuming, therefore, the facts alleged in petitioner's § 2255 proceeding are correct, we are presented with the questions of whether petitioner's plea was made and entered in accordance with the safeguards provided in Rule 11 and whether in fact his plea was voluntary under constitutional standards.

The Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) pursuant to its supervisory power over the lower federal courts set forth the requirements for adherence to the provisions of Rule 11 in the acceptance of guilty pleas:[3]

1. Under Rule 11, the district judge must "inquire whether a defendant who pleads guilty understands the nature of the charge against him and whether he is aware of the consequences of his plea." This requirement was fully and expressly covered by Judge Meredith. The record discloses that petitioner had discussed the matter with his attorney at some length on three separate occasions and that he was fully advised of the consequences of a plea of guilty to the charges of armed bank robbery.

2. The second requirement of Rule 11 set forth in McCarthy is that the trial judge must make "the constitutionally required determination that the defendant's guilty plea is truly voluntary." The Rule "is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination." The Supreme Court appropriately points out, "Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." Id. at 465, 89 S.Ct. at 1170.

The trial judge complied with the requirements in McCarthy by personally addressing the petitioner and satisfying himself that the plea was voluntary. The petitioner stated no one in the Government had made any threats or promises to him, that his plea was voluntary and that he did on the 12th day of Sep-

---

1. The record contains information pertaining to, and Ford has admitted, the following criminal activities and consequences:

  1. In 1944 two years in Missouri Training School for Boys (offense not disclosed);
  2. In 1946 a year and a day for burglary in Tucson, Arizona;
  3. In 1947 sixty days in the workhouse for malicious destruction of property and petty larceny;
  4. In 1948 thirty days in Salinas, California (offense not disclosed);
  5. In 1948 three to five years for burglary in the first degree in Arizona;
  6. In 1955 two years at Ft. Leavenworth for desertion from the army;
  7. In 1958 seven years for first degree robbery by means of a dangerous weapon in Missouri;

8. In 1963 two years for escape in Missouri.
Petitioner Ford was released from the Missouri Penitentiary in June 1965.

2. Ford might, of course, also be subject to prosecution under § 560.135 V.A.M.S., which sets forth a penalty of not less than five years up to death for first degree robbery by means of a dangerous and deadly weapon.

3. We appreciate the fact that McCarthy v. United States is not to be applied retroactively but prospectively from its pronouncement date of April 2, 1969. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). However, in this case we think the trial judge's handling of the guilty plea satisfies the basic requirements of Rule 11 as laid down in McCarthy.

tember, 1966 by force and intimidation attempt to rob the bank and place in jeopardy the life of an individual named Shain. The court again asked petitioner if his plea was a voluntary matter, to which he answered, "Yes." The record then discloses that Ford was armed with a sawed-off shotgun and a revolver. The shotgun was used during the course of the robbery to shoot Shain in the leg, causing permanent injury. The attempted robbery of the bank was resisted by Shain, who attempted to thwart the robbery by firing at the robbers (Ford had a confederate). Ford said he did not intend to use the weapons he carried and the shooting of Shain was an accident. Ford in allocution said,

"I did not intend to shoot this man. I picked the ugliest nastiest looking weapon I could find. I figured it should be enough to scare anybody, and I wouldn't have to use it. But * * * when the man shot at the top of the shotgun, it set it off and it messed me up a little bit, knocked me down with the shot. I am sorry the man was hurt but that don't do no good to feel sorry. All I can do is throw myself on the mercy of the court."

The First Circuit has considered an involuntariness contention similar to the petitioner's, but in the reverse context. Where petitioner alleged that the federal authorities told him "if he did not admit the federal crime, he would be turned over to state authorities", the Court held that such an "allegation merits no discussion." Kent v. United States, 272 F.2d 795, 799 (1st Cir. 1959).

■ We think most of these contentions of claimed involuntariness to pleas of guilty are frivolous and merit no discussion where the requirements of Rule 11 have been observed. We first note without going into the merits and ethics of plea bargaining, the practice of plea bargaining in and of itself does not make a plea of guilty involuntary or void.[4] United States ex rel. Rosa v. Follette, 395 F.2d 721 (2d Cir. 1968); Brown v. Beto, 377 F.2d 950 (5th Cir. 1967. Nonetheless, we will consider whether the alleged promises or threats affected the voluntariness of the petitioner's plea. The question of involuntariness raised by petitioner always presents a troublesome issue in that the subjective mind of the petitioner is in question but resolution of that factual issue most often must be determined by objective evidence.[5]

■■ A plea of guilty is void "if induced by promises or threats which deprive it of the character of a voluntary act." Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed. 2d 473 (1962). Was petitioner's plea of guilty voluntary when made? We think the files and records so show. Petitioner twice told the court it was, and then waited almost two years before contending it was not.

At the time petitioner was considering his plea he had been arraigned on both state and federal charges and was in the position where he could be prosecuted on both of the charges, and it seems obvious that he could be prosecuted on the

---

4. Also, this instant case does not present a true plea bargaining situation as there is absolutely no indication that the federal officials participated in any type of plea urging, let alone bargaining.

5. This problem is recognized and discussed in Arnold Enker's article "Perspectives on Plea Bargaining," printed in The President's Commission on Law Enforcement and the Administration of Justice, Task Force Report: The Courts, Appendix A, at 116: ·

"It should be recognized immediately that the term 'voluntary' is an exceedingly ambiguous term. This stems not only from the difficulties involved in trying to discover a past state of mind but also from the fact that we do not even have a clear idea of what, if any, psychological facts or experience we are looking for. * * * The defendant who decides to plead guilty and seek judicial mercy * * * makes a choice between what are to him two unpleasant alternatives."

state charge of assault with a deadly weapon without raising any substantial .question of double jeopardy. He had counsel appointed to advise and assist him in his defense. He was clearly confronted with the probability of standing trial in the federal court and then in the state court. The complaint states that defendant had admitted the robbery. His chances of a successful defense of either of the charges were at best minimal. According to his letter to the trial court a year later, he took the advice of his attorney in pleading guilty to the federal charge. This appeared definitely to be a voluntary, considered act on his part in taking a course of conduct that seemed to be in his best interest at the time. His choice of entering a guilty plea was measured and deliberate, and was made after adequate consultation with his appointed counsel.

■ A threat to prosecute under state law where the facts warrant prosecution should not be considered as coercive or intimidating. To constitute fear and coercion on a plea "Petitioner must show he was subjected to threats or promises of illegitimate action"; and fear of a greater sentence may induce a valid plea of guilty. Kent v. United States, 272 F.2d 795, 799 (1st Cir. 1959). The state charge had already been filed and the State certainly has the right to proceed with any prosecution that is warranted under the factual situation. This, however, is a matter we need not and do not decide in this proceeding.

■ A reading of the files and of this case record convinces us that petitioner Ford was fully aware of the consequences of his plea, there was a factual basis for the plea, Ford had adequate opportunity to discuss the plea with his counsel, and he voluntarily entered the plea admitting the charges contained in the information. Persons plead guilty for many reasons—pangs of conscience, remorse, desire to get the ordeal over with, a hope for leniency and other innumerable reasons, including a natural and deliberate choice of attempting to avoid a worse fate and to forestall the prosecution of additional charges. It thus appears that when an accused is adequately represented by counsel and is made aware of the consequences of his guilty plea and is in fact guilty of the crime charged, he is then in the position to make a measured and deliberate choice of whether to plead guilty or to exercise his constitutional prerogative of trial. Under these circumstances a guilty plea meets constitutional and legal standards and the plea itself is a conviction. "Like a verdict of a jury it is conclusive." Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1926).

Petitioner has not carried the burden of proof in this collateral attack upon his sentence in showing that his plea was involuntary. Amer v. United States, 367 F.2d 803, 805 (8th Cir. 1966); Friedman v. United States, 200 F.2d 690, 696 (8th Cir. 1952), cert. denied 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357 (1953); Stidham v. United States, 170 F.2d 294, 297 (8th Cir. 1948).

■ Another facet of this situation is that an application to withdraw a plea of guilty is addressed to the sound discretion of the trial court and is reviewable only for an abuse of discretion. Richardson v. United States, 217 F.2d 696, 699 (8th Cir. 1954). Under Rule 32(d), Fed.R.Crim.P., a defendant should be permitted to withdraw his plea of guilty after sentence only "to correct manifest injustice." It appears to us that there certainly had been no manifest injustice in regard to petitioner Ford occasioned by the proceeding in the federal district court and that there clearly has been no abuse of discretion by the trial court in refusing petitioner's request to withdraw his plea of guilty. The basic rationale of Rule 11 as set forth in McCarthy v. United States, *supra*, is to insure to the extent humanly possible that an innocent person does not plead guilty to a crime he did not commit and that a guilty per-

son's plea must be truly voluntary. Here the factual basis for the plea is apparent and the voluntariness of the plea appears to be fully demonstrated by the files and records.

■ Petitioner Ford also makes the contentions that he was held incommunicado for nine days, denied the assistance of counsel and other related impermissible acts. All of these incidents occurred before petitioner Ford was in federal custody and some three months before his arraignment on the federal charge. Counsel was duly appointed and the prior acts of the state officials did not affect the validity of the subsequent federal proceedings. The general rule is that a plea of guilty, if voluntarily and understandingly made, is conclusive as to defendant's guilt and admits all of the facts charged and waives all non-jurisdictional defects in the proceeding against him. Busby v. Holman, 356 F. 2d 75, 77 (5th Cir. 1966); Adkins v. United States, 298 F.2d 842, 844 (8th Cir. 1962); Hall v. United States, 259 F.2d 430, 431–432 (8th Cir. 1958).

The order of the District Court denying relief is affirmed.