STATE OF NEBRASKA, APPELLEE, v. JAMES WAYNE HOWARD, APPELLANT.

177 N. W. 2d 566

Filed May 28, 1970. No. 37474.

Albert T. Reddish and Glen A. Fiebig, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is a criminal prosecution for escape from custody in violation of section 28-736, R. R. S. 1943. Appellant at the time of the escape was confined in the Box Butte county jail on two counts of a burglary complaint in lieu of a $500 appearance bond.

Appellant, during the trial on the burglary complaint, pled guilty to escape from custody. While the matter was pending on a presentence investigation, the jury found the appellant not guilty on the burglary complaint. Appellant then sought to withdraw his guilty plea to escape from custody on the theory that he couldn't be guilty of escape from a charge which was subsequently dismissed. The motion to withdraw the plea was properly overruled. Appellant was sentenced to the

Division of Corrections of the Department of Public Institutions of the State of Nebraska for a term of not less than 1 year nor more than 3 years.

Section 28-736, R. R. S. 1943, provides as follows: "If any person confined in any Nebraska Penal and Correctional Complex, or Nebraska Penal and Correctional Complex road camp, or any Nebraska Penal and Correctional Complex trusty, or any person in legal custody, or confined in any jail, either awaiting trial on any complaint lodged against him, or upon conviction for any offense, shall break such custody and escape therefrom, or attempt to do so, he shall, upon conviction thereof, be fined not more than five hundred dollars, or be punished by confinement in the Nebraska Penal and Correctional Complex for a period of not less than one year nor more than ten years."

Guilt or innocence of the charge for which a person is being held in custody is immaterial to a charge of escape from custody while in jail awaiting trial. In Goedert v. Jones, 150 Neb. 783, 36 N. W. 2d 119, we held that the offense of breaking custody and escape from jail by a prisoner was complete when he escaped. The disposition made of the complaint on which he is then held is not material nor relevant to the merits of the escape offense. In Stinehagen v. Olson, 145 Neb. 653, 17 N. W. 2d 674, we held: "Under the provisions of section 28-736, R. S. 1943, a sentence committing a person to the penitentiary, even though it might be reversed on appeal or set aside on habeas corpus, would, nevertheless, be effective to sustain a conviction for breaking custody and escaping therefrom while confined under it." These cases are determinative of the appeal herein.

Appellant further alleges that he was an indigent, and being an indigent a $500 appearance bond was excessive and violative of both the Constitution of the United States and the Constitution of Nebraska. There is no merit to appellant's allegation. Apparently it is appellant's contention that for most indigents any bail would be ex-

cessive. When an offense charged is a bailable one, discretion rests with the judge in fixing the amount of the recognizance, but this discretion is a judicial one. The question to be determined in every case that is bailable is not whether the defendant may make bail, but whether or not the bail demanded is unreasonable and disproportionate to the crime charged. The appellant herein was held on two counts of a burglary charge. He had a previous criminal record. The trial judge herein on a previous occasion had sentenced appellant to the Nebraska Penal and Correctional Complex for 1 year on a breaking and entering charge.

While the pecuniary circumstances of a prisoner should be considered in determining the amount of the bail, that in itself is not controlling. If that were determinative of the question, a defendant without means or friends would be entitled to be discharged on his recognizance regardless of the risk involved. As we said in In re Scott, 38 Neb. 502, 56 N. W. 1009: "Many things should be taken into consideration in fixing the amount of bail, such as the atrocity of the offense; the penalty which the law authorizes to be inflicted in case of a conviction; the probability of the accused appearing to answer the charge against him, if released on bail; his pecuniary condition and the nature of the circumstances surrounding the case."

Definitely, a prior criminal record is an important factor to be considered. There is no merit to appellant's claim of the requirement of an excessive bond. The judgment of the trial court is affirmed.

AFFIRMED.