LANGDEAU, Petitioner v. STATE, Respondent

(179 N.W.2d 121)

(File No. 10748. Opinion filed August 24, 1970)

**David L. Bergren,** Fort Pierre, for petitioner.

**Gordon Mydland,** Atty. Gen., **Lloyd B. Peterson,** Asst. Atty. Gen., **Keith A. Tidball,** State's Atty., Pierre, for respondent.

MEMORANDUM OPINION.

On January 4, 1965, petitioner entered a plea of guilty in the Circuit Court of Hughes County, South Dakota, to the crime of Indecent Molestation of a child and was sentenced to serve a term of years in the State Penitentiary less time spent in the Hughes County jail. After a hearing post-conviction relief was denied on July 12, 1969 and this appeal followed.

Contrary to petitioner's contention this court in the recent case of Nachtigall v. Erickson, as Warden of the State Penitentiary, 85 S.D. 122, 178 N.W.2d 198, determined that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, was not retroactive and should apply only to pleas of guilty in South Dakota entered after June 2, 1969.

In finding no merit to defendant's allegation of excessive bail pending trial we quote with approval from the recent Nebraska case of State v. Howard, Neb., 177 N.W.2d 566:

"Apparently, it is appellant's contention that for most indigents any bail would be excessive. When an offense charged is a bailable one, discretion rests with the judge in fixing the amount of the recognizance, but this discretion is a judicial one. The question to be determined in every case that is bailable is not whether the defendant may make bail, but whether or not the bail demanded is unreasonable and disproportionate to the crime charged. * * *

While the pecuniary circumstances of a prisoner should be considered in determining the amount of the bail, that in itself is not controlling. If that were determinative of the question, a defendant without means or friends would be entitled to be discharged on his recognizance regardless of the risk involved. As we said In re Scott, 38 Neb. 502, 56 N. W. 1009: 'Many things should be taken into consideration in fixing the amount of bail, such as the atrocity of the offense; the penalty which the law authorizes to be inflicted, in case of a conviction; the probability of the accused appearing to answer the charge against him, if released on bail; his pecuniary condition; and the nature of the circumstances surrounding the case.'

Definitely, a prior criminal record is an important factor to be considered."

From the time of arrest until the time of his plea and sentence petitioner had the effective legal assistance of Warren W. May, an experienced, competent, and able attorney of this state. He was fully advised and informed of his rights by both court and counsel. The record further conclusively shows that petitioner voluntarily entered a plea of guilty to the crime charged with full knowledge and understanding of his rights and the consequences of his plea. There is no evidence indicating his plea was induced by fear, trickery, duress or coercion. No violation of constitutional or statutory rights appears and no justifiable

reason to set aside petitioner's plea of guilt in this post-conviction proceeding is shown.

Affirmed.

All the Judges concur.