**Victor LANGDEAU, Plaintiff,**

v.

**STATE OF SOUTH DAKOTA and its agents, Fifth Judicial Circuit Court and the Warden South Dakota State Penitentiary, Don R. Erickson, Respondents.**

**No. Civ. 70–132S.**

United States District Court,
D. South Dakota, S. D.

March 4, 1971.

Roger A. Schiager, Sp. Asst. Atty. Gen., Sioux Falls, S. D., for respondents

MEMORANDUM DECISION

NICHOL, Chief Judge.

On January 4, 1965, Victor Langdeau was convicted, upon his entry of a plea of guilty, of the crime of indecent molestation of a child in violation of the provisions of S.D.C. 13.1727 (Supp.1960), now S.Dak.Comp.Laws 22–22–7 (1967). He received a ten year sentence which he is currently serving, less credit given

for approximately six months of time spent in custody awaiting disposition of the charges against him. State post-conviction relief was denied on July 12, 1969. On August 24, 1970, an appeal from the denial of post-conviction relief was denied by the South Dakota Supreme Court. Langdeau v. State, S.D., 179 N.W.2d 121 (1970). A petition for federal habeas corpus relief was subsequently filed and is now before this court for decision.

Petitioner seeks relief on two grounds: (1) that excessive bail was required contrary to the provisions of the Eighth Amendment, and (2) that his plea of guilty was not knowingly, intelligently and voluntarily entered.

## Right to Bail

■ Petitioner was arrested on or about July 10, 1964. On July 14, 1964, bail was set in the amount of three thousand dollars. Bail was continued in this amount throughout the proceedings prior to the entry of the guilty plea. The petitioner, an indigent, was unable to post the bail required. Petitioner contends that the three thousand dollar bail requirement constituted excessive bail in violation of the Eighth Amendment.

The South Dakota Supreme Court rejected petitioner's contention that excessive bail had been required. Langdeau v. State, S.D., 179 N.W.2d 121 (1970). This court is in accord with that holding. The record shows: (1) that petitioner had a long history of prior difficulty with the Pierre, South Dakota, police department; (2) that petitioner had at least two prior felony convictions; and (3) that petitioner offered resistance to arrest for the crime now in question. This court does not find, in view of petitioner's prior record and the serious nature of the crime involved, that setting bail in the amount of three thousand dollars constituted an abuse of discretion on the part of the state court. Mastrian v. Hedman, 326 F.2d 708, (8th Cir. 1964) cert. den. 376 U.S. 965, 84 S. Ct. 1128, 11 L.Ed.2d 982; Pilkinton v.

Circuit Court of Howell County, Mo., 324 F.2d 45 (8th Cir. 1963); Langdeau v. State, S.D., 179 N.W.2d 121 (1970).

## Validity of the Guilty Plea

■■ The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). See, Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510 7 L.Ed.2d 473 (1962); Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). "Persons plead guilty for many reasons—pangs of conscience, remorse, desire to get the ordeal over with, a hope for leniency and other innumerable reasons, including a natural and deliberate choice of attempting to avoid a worse fate and to forestall the prosecution of additional charges." Ford v. United States, 418 F.2d 855, 859 (8th Cir. 1969). When the accused has adequate representation by counsel and has been made aware of the consequences of his guilty plea he is in a position to make a free and rational choice among the alternative courses of action open to him. North Carolina v. Alford, 400 U.S. 25, 31, 89 S.Ct. 1128 (1970); Ford v. United States, 418 F.2d 855, 859 (8th Cir. 1969).

■ The petitioner's allegation that the plea was made without "a full understanding and knowledge of the probable circumstances" is not supported by the record. From July 15, 1964, until the entry of the guilty plea on January 4, 1965, petitioner had the assistance of court appointed counsel. Prior to the entry of the plea petitioner's counsel had advised him of his constitutional rights and had advised him that a sentence of ten years would be the probable result of his plea. The court before accepting his plea advised him of his right to a jury trial and that any plea must be entered of his own free will. The court further

advised petitioner that if he entered a plea of guilty he would be sentenced to prison.

Petitioner also alleges that the circumstances surrounding the incarceration of petitioner constituted duress which rendered his plea involuntary. He was incarcerated in the Hughes County Jail for approximately five months. During this period there were at times eighteen to twenty-two prisoners in a facility designed to accommodate eight. The petitioner requested a private cell but none was available. Because of the crowded conditions in the jail prisoner discipline was a problem. Petitioner had difficulties with other prisoners apparently caused by a combination of his temper and their reaction to the nature of the charges against him. In the opinion of the deputy sheriff in charge of the prisoners at the time of his incarceration, petitioner was constantly in a state of mental agitation.

Many factors may enter into a decision to enter a guilty plea, including a desire—as was expressed to the court by petitioner—to get it over with. Ford v. United States, 418 F.2d 855, 859 (8th Cir. 1969). Even under more ideal circumstances incarceration awaiting the disposition of serious charges pending against an accused would be to most persons a less than pleasant experience. Petitioner had the continued services of counsel. He had already had one trial which had resulted in a hung jury. The court prior to accepting the guilty plea offered to empanel a jury for a second trial. Clearly, in view of the prior trial, petitioner with the assistance of counsel was in a good position to make an intelligent evaluation of the facts in relation to the law. His attorney thought it in his best interests to enter a guilty plea. The prior jury had favored conviction by an eleven to one margin. This court does not find, based on the record before it, that the will of the petitioner was overridden and the plea coerced.

This court concludes that the petitioner was afforded a full, fair and adequate hearing in the state court postconviction proceeding with the assistance of counsel and that the factual determination of the state court is supported by the record.

This memorandum decision shall constitute the findings of fact and conclusions of law. The petition for federal habeas corpus relief is denied.