STATE OF NEBRASKA, APPELLEE, V. GEORGE D. REEVES, APPELLANT.

261 N. W. 2d 110

Filed January 4, 1978.   No. 41369.

Robert J. Krafka of Kuhlman & Krafka, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

George D. Reeves, defendant, appeals his conviction for the offense of escape from legal custody. Defendant alleges six assignments of error, basically premised on the contention there was no legal custody, that an erroneous instruction was given on cus-

tody, and the court failed to give an instruction defining probable cause. We affirm.

Defendant was arrested pursuant to a "no knock" search warrant in room 27 at a Fremont motel. The warrant was issued pursuant to information supplied by a previously reliable informant. Marijuana was found in the room. Defendant was handcuffed inside his residence and turned over to a deputy sheriff for transportation to the county jail. Defendant was transported to the alley west of the courthouse. While the deputy sheriff was getting out of the car, the defendant got out on the opposite side and took off running. He made good his escape and was not apprehended until sometime later.

Defendant was charged with escape from legal custody and possession of marijuana with intent to deliver. On a suppression hearing the court entered an order suppressing all physical and oral evidence obtained as a result of the search made pursuant to the warrant. Defendant was tried to the jury on the offense of escape from legal custody.

Section 28-736, R. R. S. 1943, provides as follows: "If any person confined in any Nebraska Penal and Correctional Complex, or Nebraska Penal and Correctional Complex road camp, or any Nebraska Penal and Correctional Complex trusty, *or any person in legal custody,* or confined in any jail, either awaiting trial on any complaint lodged against him, or upon conviction for any offense, shall break such custody and escape thereform, or attempt to do so, he shall, upon conviction thereof, be fined not more than five hundred dollars, or be punished by confinement in the Nebraska Penal and Correctional Complex for a period of not less than one year nor more than ten years." (Emphasis supplied.)

The primary question presented is whether defendant was in legal custody within the meaning of section 28-736, R. R. S. 1943, when he was placed under arrest after discovery of a controlled substance

pursuant to a search warrant which was subsequently suppressed. Reeves argues "legal custody" as used in section 28-736, R. R. S. 1943, applies only to persons who have actually been confined in one of the institutions described. It is his contention the statute is not applicable to one being transported to jail. He argues the statute does not come into operation until defendant is incarcerated. We do not accept defendant's limited construction of the statute.

The statute reads "or any person in legal custody, or confined in any jail." We interpret the language to apply to anyone taken into custody for transportation to the place of confinement. It is the departure from custody rather than the departure from a place of confinement which is the essential element of the offense.

Reeves contends if we hold the statute applies to preincarceration situations, then legal custody requires a lawful arrest. He argues the arrest was unlawful because the warrant was suppressed. Defendant had been taken into custody pursuant to a warrant which appeared lawful on its face. He was found in the possession of marijuana. He was handcuffed, placed in a patrol car, and transported to the courthouse for incarceration. This is sufficient to bring the charge within the terms of the statute. The crime of escape from legal custody is committed when the prisoner escapes from the custody of an arresting officer while being taken to the place of confinement.

The statute in question does not expressly require "lawful" custody, nor a "lawful" arrest, nor probable cause, as Reeves maintains. The statute simply requires that the individual at the time of escape be in "legal" custody. Although the distinction between the terms "legal" and "lawful" is frequently clouded and the terms are often used interchangeably, there is in fact a distinction of some impor-

tance. This distinction is set forth in the narrative following the definition of "lawful" as stated in Black's Law Dictionary (4th Ed.), p. 1032. It reads as follows: "The principal distinction between the terms 'lawful' and 'legal' is that the former contemplates the substance of law, the latter the form of law. To say of an act that it is 'lawful' implies that it is authorized, sanctioned, or at any rate not forbidden, by law. To say that it is 'legal' implies that it is done or performed in accordance with the forms and usages of law, or in a technical manner."

Defendant had no more right to escape from custody than he would have had to use force to resist arrest. State v. Bear Runner, 198 Neb. 368, 252 N. W. 2d 638 (1977), where, as here, he knew the arrest was being made by a police officer. Defendant knew he was placed under arrest by an officer who entered his apartment pursuant to a warrant. He should have known he was subject to arrest for possession of a controlled substance. After being placed under arrest he was entrusted to the custody of a deputy sheriff for transportation to jail.

We have repeatedly held guilt or innocence of the charge for which a person is being held in custody is immaterial to a charge of escape from custody. State v. Howard, 185 Neb. 583, 177 N. W. 2d 566 (1970).

In Brown v. State, 166 Neb. 215, 88 N. W. 2d 775 (1958), defendant attempted to escape while being held in the juvenile ward at the Douglas county courthouse. We there found defendant was in legal custody sufficient to authorize his detention, subject always to challenge in the methods provided by law.

Reeves was not justified in resorting to self-help to test the validity of his arrest. The proper place to vitiate an arrest is in the courts and not on the streets. The regularity of his arrest cannot legally be tested by an act of escape. The detention and transportation of Reeves to jail was legal custody,

and set up the factual condition which made the attempt to escape an offense.

Defendant attacks the definition of legal custody as given in the instructions. The court defined legal custody as the holding or confinement under color of law. Defendant is testing it by the term "lawful" rather than the term "legal." As set out in Black's Law Dictionary, *supra,* "legal" implies that it is done or performed in accordance with the forms or usages of law. The instruction in the context given was not erroneous.

Defendant's last assignment complains that the court refused to give a jury instruction defining "probable cause" and requiring the jury to find probable cause to arrest before finding the defendant guilty of escape from legal custody. The court actually defined "probable cause" as a reasonable ground of suspicion supported by facts and circumstances of such a nature as to justify a cautious and prudent person in believing that the accused was guilty. What we have said previously disposes of defendant's other contentions.

We find no prejudicial error and affirm the judgment of the trial court.

AFFIRMED.