The People of the State of New York ex rel. D. W. Rothensies, Respondent, *v.* Archie N. Searles, Sheriff of Tioga County, Defendant.

The People of the State of New York, Appellant.

Third Department, May 16, 1930.

*George L. Andrews, District Attorney,* for the appellant.

*Truman, Bassett & Wood* [*James S. Truman* of counsel], for the respondent.

Per Curiam. No doubt the proper method of obtaining relief from excessive bail in either civil or criminal actions is by a writ

of habeas corpus. (*Jones* v. *Kelly*, 17 Mass. 116; *Whiting* v. *Putnam*, Id. 174; *Evans* v. *Foster*, 1 N. H. 374; *United States* v. *Brawner*, 7 Fed. 86.) The theory is that the defendant (relator herein) is unlawfully imprisoned.

The purpose of requiring the defendant to give bail after arrest is to secure his presence at the trial. The amount necessary for that purpose is a question of sound discretion and judgment depending upon several primary conditions that may be present in any particular case. The nature of the offense, the penalty which may be imposed, the probability of the willing appearance of the defendant or his flight to avoid punishment, the pecuniary and social condition of defendant and his general reputation and character, and the apparent nature and strength of the proof as bearing on the probability of his conviction — all these are elements which may properly be taken into consideration by the court in determining the amount of bail. (*Ex parte Tayloe*, 5 Cow. 39; *People* v. *Van Horne*, 8 Barb. 158, 165; *People* v. *Tweed*, 5 Hun, 382; *Evans* v. *Foster*, *supra*, 375; *Ex parte Duncan*, 54 Cal. 75; 6 C. J. 988, and cases cited.)

The admission to bail in this case was a matter of discretion. (Code Crim. Proc. §§ 552, 553.) It was exercised by the judge presiding in County Court in which the action was triable, apparently after some inquiry into the circumstances. No application was made to the same judge for reduction of bail although at the time it was fixed the amount was only tentative. Instead, with no new facts set up in the petition indicating that the bail was excessive according to tests to be applied as above stated, an application was made to a justice of the Supreme Court in a remote part of the district for reduction of bail on a writ of habeas corpus. All that was said on the subject in the petition was, " which bail your relator charges is excessive and your relator therefore alleges that he is being confined in said jail without due process of law and by reason of such excessive bail." On the hearing no proof was offered showing reason for reduction. No finding was made that the bail was in fact excessive, nor was there even such recital in the order — yet the bail was reduced to half the amount fixed by the county judge. It amounted to nothing more than the review of the discretionary act of one judge by another judge on the same state of facts. The law does not contemplate that sort of procedure.

The question of excessive bail is one of mixed law and fact. To determine the question correctly, proper inquiry must be made. In moving for relief the party aggrieved should set up facts in his petition indicating that the bail has been fixed at an unreasonable and oppressive amount and is prohibitory and more than he

can be expected to give under the circumstances of his particular case. We disapprove the practice which seems to have grown up for instituting habeas corpus proceedings in behalf of defendants under the guise that it is a case of excessive bail; and compelling the district attorney to go to different parts of the judicial district for the purpose of having the discretionary acts of the county judge, familiar with the facts, reviewed by local resident justices and bail reduced with no new facts presented and without regard to whether it is in fact excessive or not. (*Ex parte Martin*, 51 Cal. App. 706; 197 Pac. 365; *Ex parte Duncan, supra.*)

The order should be reversed on the law and the facts, the writ of habeas corpus dismissed, and the relator remanded to the custody of the sheriff of Tioga county.

HINMAN, Acting P. J., DAVIS and WHITMYER, JJ., concur; HILL, J., dissents and votes for affirmance upon the ground that excessive bail may be reviewed by habeas corpus; that there was sufficient formality on the return of the writ; HASBROUCK, J., dissents and votes for affirmance, with an opinion.

HASBROUCK, J. (dissenting). The principle upon which the affirmance rests is that there is no power in a judge of the Supreme Court to review another judge's fixing of bail in a criminal case. If that be so, then the writ of habeas corpus constitutes no remedy. It has been held in other States and by the Federal courts that such writ in such cases is proper. (*Evans* v. *Foster*, 1 N. H. 374; *Jones* v. *Kelly*, 17 Mass. 116; *Whiting* v. *Putnam*, 17 id. 175; *Ex parte Duncan*, 53 Cal. 410; 54 id. 75; *United States* v. *Brawner*, 7 Fed. 87; *Matter of Kaine*, 3 Blatchf. 1, 4; *Matter of Martin*, 5 id. 303; *Matter of Henrich*, Id. 414; *Matter of Stupp*, 12 id. 501; *Matter of Macdonnell*, 11 id. 174.)

Were it not so, the prisoner would be remediless, for no appeal lies in criminal cases except from a judgment of conviction. (Code Crim. Proc. § 517.)

Section 5 of article 1 of the State Constitution was adopted with the knowledge on the part of the makers of it that magistrates and judges were the only functionaries with power to fix bail and that the Constitution would be ineffective unless other judges might review the determination of the bailing magistrate.

To impose excessive bail is to deprive the accused of due process of law, is against the fundamental law of the State. (Magna Charta, § 39; State Const. art. 1, §§ 1, 6; U. S. Const. 14th Amendt. § 1.) To give power to such charter the writ of habeas corpus came into its distinction.

In *People ex rel. Tweed* v. *Liscomb* (60 N. Y. 592) Judge ALLEN

wrote: " That writ is alike a protection against encroachments upon the liberty of the citizen by the unauthorized acts of courts and judges as against any mere arbitrary arrest."

All that remains of this appeal is the claim urged that the hearing before the reviewing justice was not adequate.

No course of procedure for reviewing bail has been established in this State. Such procedure, therefore, must be such as the reviewing judge deems necessary.

Assuming that he should inquire into the magnitude of the crime, the punishment imposed by law, the record of the accused, the financial ability of the accused and his social obligations, it appears that the inquiry was sufficient. It covered at least three of the above items and knowledge in respect to the fourth would naturally have weighed to influence the fixing of a lighter bail.

The argument for the bail required is based on the rumor of a former conviction. Rumor does not furnish a basis for judicial decision.

To fix larger bail than otherwise would be required upon the foundation of rumor certainly is to deprive a person accused of crime of his liberty without due process of law. It is not an act of justice, it is an act of oppression. It is against such oppression that the requirement of excessive bail has been forbidden in the English Bill of Rights of 1688 (1 Wm. & M. Sess. 2, chap. 2), the Constitution of the United States (8th Amendt.), and the Constitution of our own State (Art. 1, § 5).

There is no justification in the record for requiring bail of relator in the amount of $10,000. That sum is twice the amount of the fine provided by section 952 of the Penal Law (added by Laws of 1913, chap. 475, as amd. by Laws of 1925, chap. 278). It is six and one-half times the amount of which complainant is alleged to have been defrauded by the prisoner. Where can the ordinary accused man find bail in the sum of $10,000? Only a faithful friend or a sympathetic philanthropist moved by a character beyond reproach would risk so much to free an accused.

It seems to me that any competent judge in the exercise of his judicial duty could see without entering upon any hearing that the bail here required was " disproportionate to the offense " and was *per se* excessive. In such case it would be the duty of the judge or justice to reduce it. (*People* v. *Town,* 4 Ill. 19; *McConnell* v. *State,* 13 Tex. Ct. App. 390; *Ex parte Ross,* 70 Tex. Cr. 493; *Ex parte Creed,* 67 id. 173; *Ex parte Snow,* 1 R. I. 360; Bailey Habeas Corpus, pp. 486, 487.)

Not only the magistrate who fixes the bail but every judge who is called to pass upon the question of excessive bail is under

his constitutional oath bound not to require it. If he does he is amenable to removal or impeachment. (*Evans* v. *Foster, supra.*)

I think the bail fixed by the County Court was excessive.

The order should be affirmed.

Order reversed on the law and the facts, writ of habeas corpus dismissed, and defendant [relator] remanded to the custody of the sheriff of Tioga county.