James ALEXANDER *v.* STATE of Arkansas

CR 74-92                                    516 S.W. 2d 368

Opinion delivered December 9, 1974

*Stallcup, Bartels & Boling,* Court-appointed atty., for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* for appellee.

LYLE BROWN, Justice. Appellant James Alexander was convicted of the sale of a controlled substance (LSD) and sentenced to ten years. He advances five points for reversal which will be enumerated and discussed under separate headings.

Point I. *The court erred in denying appellant's motion for the State to furnish him an independent chemist to make an analysis of the contraband.*

Appellant takes the position that he was without funds to hire a chemist to make an independent analysis of the LSD and that he had a constitutional right to have such assistance at the expense of the State. We are cited no precedent to justify such demand. It clearly is not mandated or authorized by statute. A corollary to appellant's request is found in our case of *Hale* v. *State,* 246 Ark. 989, 440 S.W. 2d 550 (1969). Hale contended that the trial court erred in refusing to provide him funds with which to employ a private psychiatrist. In holding Hale's contention without merit we pointed out there was no law to support the proposition. To the same effect see *Grissom* v. *State,* 254 Ark. 81, 491 S.W. 2d 595 (1973). We point out that a qualified chemist employed by the State Board of Health made the analysis. Her qualifications are not questioned and she is in no way controlled by persons charged with the duty of prosecuting criminal cases.

Point II. *The delay between the alleged commission of the offense and the filing of charges was constitutionally detrimental to appellant.*

The offense was alleged to have occurred on February 28, 1973, and charges were not filed until July 12, 1973. Our general statute of limitations on filing of felony charges such as the one at hand is three years from the commission of the offense. Ark. Stat. Ann. § 43-1602 (Repl. 1964). A similar

contention was made in *Beckwith* v. *State*, 238 Ark. 196, 379 S.W. 2d 19 (1964). We there said it was realized that time wears out proof of innocence as well as proof of guilt; nevertheless, the public policy on limitations for filing charges is expressed in the statute. We there said that the record failed to show that the acts of the prosecutor were so arbitrary, unreasonable and unlawful as to deprive Beckwith of due process of law. The same question arose in the case of *United States* v. *Marion*, 404 U.S. 307 (1971). In that case there was a delay of 38 months between the commission of the offense and the returning of an indictment. The Court said the due process clause of the fifth amendment would require dismissal if it were shown at the trial that the pre-indictment delay "caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to obtain tactical advantage over the accused". Then the court went on to make a point which is apropos to the case at bar:

> Appellees rely solely on the real possibility of prejudice inherent in any extended delay; that memories will dim, witnesses become inaccessible, and evidence be lost. In light of the applicable statute of limitations, however, these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of the indictment. Events of the trial may demonstrate actual prejudice, but at the present time appellees' due process claims are speculative and premature.

In the case at bar it was clearly evident that no harm came to the appellant's defense as a result of the delay.

Point III. *The trial court erred in permitting appellant's wife to be cross-examined about other offenses allegedly committed by appellant.*

Appellant says "the State attempted to place before the jury other offenses by asking the appellant's wife if marijuana and other narcotics were not present in their house trailer many times and if she had not purchased or bought capsules for her husband to put dope in". Evidence was produced by the State to the effect that narcotics were in fact in the house

trailer and that the wife had obtained empty capsules to be filled with LSD. It was certainly permissible to cross-examine the witness as to felonious offenses of which she may have had knowledge or in which she may have participated. The subject matter went to her credibility as a witness. In *Clark* v. *State*, 246 Ark. 1151, 442 S.W. 2d 225 (1969), appellant's wife was questioned on cross-examination about the number of times she had testified in court. In affirming the case we pointed out that wide latitude is allowed on cross-examination to elicit facts impeaching the credibility of a witness. "The scope of this examination is largely within the discretion of the trial court."

Point IV. *The court erred in permitting the cross-examination of appellant about arrests on other crimes.*

Appellant asserts as error under this point the fact that he was asked on cross-examination, "is that the first time you have been arrested?" Appellant takes the question out of context and also misquotes it. The prosecuting attorney inquired: "Now when were you arrested on *these drug charges?*" The dispute between the prosecutor and the witness concerned the exact date upon which appellant was arrested on the charges for which appellant was being tried. Appellant contended that he was not arrested until October 16. Upon objection being made, the prosecutor made it clear that he was trying to ascertain the exact date of the arrest of appellant on "this charge". The trial court instructed the jury that evidence of any other arrest was not admissible. The point is without merit.

Point V. *The court erred in permitting continued cross-examination of appellant concerning other crimes after appellant denied the crimes.*

We have examined the testimony upon which the point is based. Appellant was asked on cross-examination if, on January 23 past, he sold two ounces of marijuana to W. D. Blount; if he received thirty dollars for the marijuana; if on the same day he sold two ounces of marijuana to Ken McKee; if he dealt in drugs with Ernie Epley or with Norman Hunter; if he did in fact "push drugs" for Pat Beaverson; if he

sold mescaline out of Mobile Home No. 16; if he sold some LSD on February 28 past; if he sold drugs on March 1, 1973, to David Kem; if he bought empty capsules at the Indian Mall Pharmacy to be used for packing mescaline; if he sold cocaine from the trailer; and if he kept drugs in the mobile home in a drawer in the kitchen. All of the questions brought negative answers. The prosecutor did not argue with the witness about his answers. We are unable to say the trial court abused its discretion in permitting the questions to be propounded.

Affirmed.