Arthur HAYES et al *v.*
WARD ICE CREAM COMPANY, Inc.

75-1                                                      523 S.W. 2d 923

Opinion delivered June 16, 1975
[Rehearing denied July 7, 1975.]

*Herrn Northcutt,* for appellants.

*Harper, Young & Smith,* for appellee.

FRANK HOLT, Justice. This case involves a dispute over the correct contribution to be made by appellee as an employer to the unemployment fund. The chancellor held there was substantial compliance by appellee with the

statutory requirements. The sole issue on appeal is whether the chancellor erred in finding that the appellee complied with the notice provisions of Ark. Stat. Ann. § 81-1108 (e) (Repl. 1960). The case was submitted on a stipulation of facts. Therefore, the question involves the application of law to these undisputed facts.

For many years the Ward Ice Industries, a partnership, operated an ice cream business at Fort Smith and other places. As a result of a suit to dissolve the partnership, a commissioner sold the Fort Smith business to several members of the Ward family, who incorporated as Ward Ice Cream Company, Inc., which is the appellee. The change of ownership was effective June 1, 1970. The parties further stipulated that the appellee, the successor corporation, acquired and continued to operate a segregable and identifiable portion of the business of its predecessor. The predecessor, at the time of the transfer, was assessed and paying contributions, payroll taxes, etc., under the act to the appellants at the rate of .3% of its payroll. Appellee continued to report and pay taxes at the same rate of its predecessor. Appellants claim that appellee failed to comply with the provisions of the act in effect at that time by failing to make a proper application, which appellants assert is mandatory. Therefore, appellants treated appellee as a new employer with no past experience of unemployment claims. In March, 1971, appellants assessed contributions at a rate of 2.7% of the payroll for the preceding three quarters.

§ 81-1108 (e) reads in pertinent part:

[A]ny employing unit which acquires the organization **** and substantially all of the assets thereof, of any employer, **** and who intends to continue such organization **** shall assume for the purpose of determining the contribution rate of such employing unit **** the position of such employer with respect to such employer's separate account, actual contributions and benefit experience, annual payrolls, payment of contributions, interest and penalty, and otherwise as if no change with respect to such separate account **** had occurred. ****

The segregable and identifiable portion of the predecessor's separate account shall be transferred by the Commissioner to such acquiring successor employing unit only if the successor employing unit shall make written application to the Commissioner for transfer of said experience of such predecessor employer which is attributable to the part acquired by the successor, which application must be filed with the Commissioner not later than thirty (30) days after the date of transfer. Said application shall be supported by all information furnished by the applicant as required by the rules and regulations of the Commissioner, ****.

It is agreed that on June 5, 1970, or four days after appellee became the successor employer, appellee mailed to the appellant, the Employment Security Division, its form entitled "Report to Determine Liability," which was signed by the president of the successor firm. This report, which is not abstracted by appellants, informs the appellant ESD in writing of the change in business form and ownership. The appellee, in answer to a question on the form, specifically indicated that it desired to elect coverage. Appellants did not respond until June 29, 1970, or two days before the expiration of the thirty day statutory period, which is interposed by appellants. Then appellants' response was a letter enclosing a form, ESD-Ark-236, which is entitled "Employer's Change of Ownership and/or Termination of Account Report." The response was actually addressed to a member of the predecessor firm although the successor firm's name, address, date of acquisition, the predecessor firm's name and the names of the principal officers of the appellee successor firm were reflected on the form. As stated, this form was mailed to the appellants by the appellee on June 5 clearly indicating a successor ownership and desire to elect coverage. However, upon receipt of the response by appellee, it promptly returned the requested form on July 2 or within only two days following expiration of the thirty day period.

Appellants argue that although these forms were furnished, appellee did not file the "must" application requesting a transfer of the predecessor's experience rating. In the circumstances, we agree as found by the chancellor.

Appellants do not favor us with any form, pursuant to any rules and regulations, that would contain information not included in the two forms furnished by appellee. As indicated, it is agreed that the appellee is a segregable and identifiable portion of the predecessor business. The statute specifically provides for the right of a successor business, as here, to have the benefit of the experience rating of its predecessor.

Affirmed.