Kenneth Ray ALLEN *v.* STATE of Arkansas

CR 76-119 541 S.W. 2d 675

Opinion delivered October 11, 1976

*Tommy H. Russell* and *Bob Dawson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *B. J. McCoy,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was found guilty of perjury in the first degree alleged to have been committed during his testimony in a hearing to set bail in the Municipal Court of Walnut Ridge on March 24, 1975. He lists three points for reversal. We find no reversible error on any point and affirm.

Appellant argues that the alleged false statements on which the charge was based were neither material nor relevant, either to the charge of non-support, on which he was brought into the municipal court, or to the amount of appearance bond on the charge. He says that the alleged false statements were: (1) Appellant had not had anything to drink in the past three weeks; (2) he did not make any threats toward his former wife during a telephone conversation; (3) he did not make any threats toward his children during a telephone conversation; (4) he did not make any threats concerning his former wife's house during a telephone conversation. We disagree. To say the very least, his drinking habits and the question of threats of violence were relevant and material to the hearing held by the municipal court on the fixing of a bond for appellant's appearance on the non-support charge when he moved for a continuance on his first appearance before the municipal judge.

The amount of bail is a matter that lies peculiarly within the sound judicial discretion of the court fixing it. *Connley* v. *U.S.,* 41 F. 2d 49 (9 Cir., 1930); *U.S.* v. *Mule,* 40 F. 2d 503 (2 Cir., 1930); *People* v. *McDonnell,* 296 N.Y. 109, 71 N.E. 2d 423 (1947); *Green* v. *Petit,* 222 Ind. 467, 54 N.E. 2d 281 (1944); *People* v. *Searles,* 229 App. Div. 603, 243 N.Y.S. 15 (1930). It should be fixed according to the circumstances surrounding the case and the accused with the rights of the accused and the public good kept in mind. *U.S.* v. *Mulcahy,* 155 F. 2d 1002 (2 Cir., 1946); *In re Scott,* 38 Neb. 502, 56 N.W. 1009 (1893);

*Gregory* v. *State,* 94 Ind. 384, 48 Am. Rep. 162 (1883); *People* v. *Searles,* supra; *Braden* v. *Lady,* 276 S.W. 2d 664 (Ky., 1955); *Green* v. *Petit,* supra. The circumstances of the accused's apprehension may be considered. *State* v. *Mastrian,* 266 Minn. 58, 122 N.W. 2d 621 (1963), cert. den. 375 U.S. 942, 84 S. Ct. 349, 11 L. Ed. 2d 274. It is proper to consider the character and reputation and the criminal activities and tendencies of the person charged as factors bearing upon the security required to insure his appearance.[1] *People* v. *Snow,* 340 Ill. 464, 173 N.E. 8, 72 ALR 798 (1930). It is also appropriate to consider recent actions and threats of the accused because they bear upon his good faith in appearing. *U.S.* v. *Mulcahy,* supra; *Ex parte Thomas,* 91 Tex. Cr. App. 49, 237 S.W. 302 (1922); *Kendrick* v. *State,* 180 Ark. 1160, 24 S.W. 2d 859.

Thus, we find no merit in this point.

The next point for reversal is very difficult to treat, because it is a conglomeration of assorted assertions of error, without considering whether objections were made on the questions now argued or whether they were otherwise raised in the trial court. The point is thus entitled:

THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTING ATTORNEY TO ASK APPELLANT AND OTHERS IRRELEVANT AND IMMATERIAL QUESTIONS SIMPLY TO INFLAME THE JURY.

Although there may be adequate grounds for sustaining the trial court on some of the alleged errors and the reason for the absence of objection may be obvious, we will not discuss any of the questions to which exception is now taken unless an obj.:ction was made in the trial court. To do so would require a much more extensive treatment of the record than that given in appellant's brief and a greater elaboration on the merits of these questions than the entire argument of appellant upon the point. We would add that we find no question among those listed on this point which is so inflammatory that proper corrective action could not have been

[1]Under Rule 8.5 (viii) of the Arkansas Rules of Criminal Procedure, effective 1 January 1976, the evidence of these threats would clearly have been pertinent, material and relevant to the pretrial release inquiry.

taken if an objection had been made. We will also forego discussion of any of these questions where an objection was sustained or a question withdrawn and further corrective action, such as an admonition to the jury or the declaration of a mistrial, was not asked, because none of these were of such an inflammatory nature as would have justified any conclusion that the verdict was the result of passion and prejudice or the fundamental fairness of the trial substantially impaired. Furthermore, we will not discuss any asserted error where both the argument and the record consist of transcript references only. This will not permit proper appellate consideration. To adequately treat such questions would place insurmountable burdens upon judicial resources.

Appellant does argue that the court erred in overruling his attorney's objection to a question asked by the prosecuting attorney on cross-examination of Hon. Leonard Lingo, Judge of the Municipal Court of Walnut Ridge, a witness called by appellant. The prosecuting attorney asked, "He [appellant] also denied before you that he wilfully failed to support the children, didn't he?" If there was any error in allowing this cross-examination, it was harmless, because it was already rather obvious from the undisputed evidence that there had been a trial on the charge and testimony heard, which was certainly indicative that appellant had pleaded not guilty. The municipal judge had testified on direct examination that the case involving the charge on which appellant was arrested had come up on March 24, 1975, and had been continued to March 31, at the request of appellant. Prior to this inquiry, appellant's ex-wife and the mother of his child, Donna Wolverton, who had made the charge of non-support against appellant, had testified on cross-examination. Appellant's attorney had asked her if she had not testified at appellant's trial in municipal court and had asked her a question about her testimony at that trial.

The prosecuting attorney also asked appellant on cross-examination whether he had done what Judge Lingo had ordered him to do. Appellant answered that he had paid child support until he was locked up on the preceding Wednesday. Over appellant's objection, the prosecuting attorney asked whether, during the intervening 29 weeks, appellant had paid only $525, as reflected by the records, or

the $675 he should have paid, and whether he would say the records "lie." Appellant answered that the records were wrong and that he had the receipts at home. Wilful non-support of children is a criminal offense. Ark. Stat. Ann. § 41-204 (Repl. 1964). Violation of a proper court order for periodical payments would require the imposition of punishment on the violator. Ark. Stat. Ann. §§ 41-210, 211, 212 (Repl. 1964). Cross-examination about such an offense is permissible. *Moore* v. *State,* 256 Ark. 385, 507 S.W. 2d 711; *Rickett* v. *Hayes,* 251 Ark. 395, 473 S.W. 2d 446. Appellant's answer was a denial and the matter was not pursued. Therefore, it would be difficult to say there was prejudice to appellant, or an abuse of the trial court's discretion in allowing this question. *Alexander* v. *State,* 257 Ark. 343, 516 S.W. 2d 368. Appellant put his character in issue, so cross-examination with reference to alleged non-support was appropriate. *Lewis* v. *State,* 258 Ark. 242, 523 S.W. 2d 923.

Mike Hill, who had been acquainted with appellant for six or seven months, was called as a character witness. On cross-examination the prosecuting attorney asked the witness whether, in deciding that appellant was such a truthful and fine fellow, he had heard that Allen was living in a trailer with a lady to whom he was not married. This cross-examination about particular conduct of appellant was permissible in order to test the value of the knowledge of the witness. *Amos* v. *State,* 209 Ark. 55, 189 S.W. 2d 611. The inquiry was obviously made in good faith, because appellant testified that he had been living with a woman for a longer period of time than Hill had known him.

A third point is:

THE TRIAL COURT ERRED IN PERMITTING THE PROSECUTING ATTORNEY TO CROSS-EXAMINE HIS OWN WITNESS UNDER THE COURT'S RULING OF REDIRECT EXAMINATION.

On cross-examination of Donna Wolverton, appellant's counsel questioned her about the time of the filing of non-support charges and the issuance of a warrant for the arrest of appellant, about the length of time that elapsed between

the time she had last been in contact with appellant prior to a telephone conversation two nights before appellant was arrested, and about the date of her separation from appellant and the filing of a divorce suit by her. She was somewhat confused about the calendar year in which certain of these events happened, but related them to each other. On redirect examination, the prosecuting attorney read the affidavit for a warrant of arrest, showed it to her and asked her whether her signature was affixed. This affidavit showed the date of its execution. Appellant argues that since the prosecuting attorney had asked the witness on direct examination whether she knew when the charges of non-support were filed, this amounted to cross-examination of the state's own witness. This was not the objection made, but there was no abuse of the trial court's discretion in allowing this examination in light of the answers given by the witness on cross-examination.

The basic function of redirect examination is to enable the witness to explain and clarify any relevant matters in his testimony which have been weakened, confused or obscured by cross-examination and to rebut the discrediting effect of any damaging statements or admissions so elicited. *Grievance Committee v. Dacey,* 154 Conn. 129, 222 A. 2d 339, 22 ALR 3d 1092 (1966), apl. dism. 386 U.S. 683, 87 S. Ct. 1325, 18 L. Ed. 2d 404 (1967); *Couch v. St. L. Public Service Co.,* 173 S.W. 2d 617 (Mo. App. 1943). See also, *People v. Tucker,* 142 Cal. App. 2d 549, 298 P. 2d 558 (1956); State v. *Stevens,* 69 Wash. 2d 906, 421 P. 2d 360 (1966); *Nail v. State,* 231 Ark. 70, 328 S.W. 2d 836; *Clift v. State,* 155 Ark. 37, 243 S.W. 955. The rehabilitation of a witness before the trier of fact is an important and proper purpose. *State v. Stevens,* supra. See also, *Hoy v. Kansas Turnpike Authority,* 184 Kan. 70, 334 P. 2d 315 (1959); *State v. DeZeler,* 230 Minn. 39, 41 N.W. 2d 313, 15 ALR 2d 1137 (1950). The scope and extent of redirect examination lies within the sound judicial discretion of the trial judge. *Couch v. St. L. Public Service Co.,* supra. See also, *Nail v. State,* supra. In this matter the court's discretion is very liberal. *Grievance Committee v. Dacey,* supra. A witness should be allowed full opportunity to explain matters brought out on cross-examination or to rebut any discrediting effect they may have had or to correct any wrong impression that may have been created. *Johnson v. Minihan,* 355 Mo. 1208, 200

S.W. 2d 334 (1947). Courts go very far in permitting redirect examination for these purposes, even though the admission of evidence thus brought out may not have been proper on direct examination. *Johnson* v. *Minihan,* supra. See also, *Clift* v. *State,* supra. It is not an improper exercise of that discretion to permit the examiner to refresh the memory of the witness by a statement he had signed. *State* v. *Stevens,* supra.

We cannot say that the trial judge abused his discretion in this instance.

The judgment is affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and JONES, JJ.