Curtis Ray EASTER *v.* STATE of Arkansas

CR 91-88                                    815 S.W.2d 924

Supreme Court of Arkansas
Opinion delivered September 23, 1991

*J.G. Molleston*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant was convicted of burglary, battery, and attempted rape and sentenced to twenty years, thirty years, and forty years imprisonment respectively. The judge ordered that the burglary and battery sentences run consecutively to each other and an outstanding sentence, leaving the appellant with a total of fifty years imprisonment. On appeal, the appellant challenges only his attempted rape conviction. In his appeal, the appellant raises the following two points of error: 1) the trial court erred in allowing the prosecutor's redirect examination of the victim; and 2) there is insufficient evidence to support the appellant's conviction for attempted rape. We find no merit in these arguments, and therefore affirm.

We address sufficiency of the evidence issues first on appeal. To preserve the issue of sufficiency of the evidence for appeal at a trial, the defendant must move for a directed verdict at the conclusion of the prosecution's evidence and again at the close of the case. A.R.Cr.P. Rule 36.21(b). This court has strictly followed the requirements of Rule 36.21(b) and has refused to address sufficiency of the evidence questions unless both directed verdict motions were made. *See Andrews v. State*, 305 Ark. 262, 807 S.W.2d 917 (1991); *Weaver v. State*, 305 Ark. 180, 806 S.W.2d 615 (1991); *Sanders v. State*, 305 Ark. 112, 805 S.W.2d 953 (1991).

In this case, the appellant made a motion for a directed verdict on the attempted rape charge at the close of the state's evidence, but failed to do so at the close of the case. But, two days after his conviction, the appellant filed a motion for a directed verdict or a judgment *non-obstante verdicto* on the attempted rape conviction. Since the appellant's motion was made two days after the jury verdict, it was in fact a motion for a new trial. In *Weaver*, 305 Ark. 180, 806 S.W.2d 615, we refused to recognize

the appellant's motion for a new trial as meeting the requirement under Rule 36.21(b) for a second directed verdict motion at the end of the case. Thus, we must decline to address the appellant's sufficiency of the evidence issue.

Appellant's second issue concerns the state's redirect examination of the eighty-eight-year-old victim. During the direct examination at the trial, the victim was very reluctant to describe the details of the attempted rape in court. However, the victim did recount that, after the appellant pushed his way into her house and threatened her with a pair of scissors, he threw her on the floor in the living room and tried to rape her. The victim stated that she kept her legs so tightly crossed that the appellant could not get them apart. Further, she testified that the appellant had his pants unbuttoned in the front and that he unbuttoned her blouse and fondled her breasts. Additional testimony showed that the appellant then forced the victim into the bedroom where he beat her with a plastic box lid and vacuum attachment. The victim passed out and when she came to she was naked and underneath the bed. The prosecutor asked the victim if the appellant did anything else to her clothing before she was forced into the bedroom, and the victim replied that she could not remember.

On cross-examination, appellant's attorney did not ask any questions about the victim's clothing or details of the attack. Instead, he had the victim admit that the appellant was in control of the situation, and if he wanted to do something, he probably could have done it. On redirect, the prosecutor again started asking the victim about what happened to her clothing before she was taken into the bedroom, and the appellant's attorney objected, saying that the state was just rehashing testimony on direct and that the questions were completely outside the scope of his cross-examination. The prosecutor replied that there was a point that needed clarifying. The trial judge, expressly taking into account the age of the victim, allowed the prosecutor to quickly see if he could clarify the point. On redirect, the victim added that the appellant pulled down her pants in the living room.

This court has recognized that the scope and extent of redirect examination lie within the sound judicial discretion of the trial judge. *Parker v. State*, 265 Ark. 315, 578 S.W.2d 206 (1979); *see also* A.R.E. Rule 611. In this matter, this court has

recognized that the court's discretion is very liberal. *Allen* v. *State*, 260 Ark. 466, 541 S.W.2d 675 (1976). The basic function of redirect examination is to enable the witness to explain and clarify any relevant matters in his or her testimony which have been weakened, confused or obscured by cross-examination and to rebut the discrediting effect of any damaging statements or admissions or to correct any wrong impression that may have been created. *See Id., Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980). In addition, a judge under his discretionary power may permit the party to bring out on redirect examination some matter which is relevant to his case or defense and which through oversight he has failed to elicit on direct. E. Cleary, *McCormick on Evidence* § 32, (3d ed. 1984).

It is clear from the record that the eighty-eight-year-old victim was understandably reluctant to discuss the details of the attempted rape on direct examination, and the prosecutor struggled to get the evidence of the attempted rape before the jury. After the cross-examination of the victim by appellant's attorney, the impression was left with the jury that if the appellant had been intending to rape the elderly victim as charged, he could have easily done so. Such an impression necessitated that the victim give more details of the impermissible and unlawful actions appellant imposed upon her. In addition, there was some confusion created by the victim's statements as to how the appellant could have attempted to rape the victim when her pants were still on. In sum, the trial judge did not abuse his discretion in allowing the prosecutor's redirect.

For the reasons stated above, we affirm.