Columbus ROWE *v.* STATE of Arkansas

CA CR 91-23                                    816 S.W.2d 897

Court of Appeals of Arkansas
Division II
Opinion delivered October 16, 1991

*LaJeana Jones*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant, Columbus Rowe, appeals from his conviction by a jury of delivery of a controlled substance. He contends the trial judge erred in denying his motion for directed verdict at the close of the State's case and his

motion for judgment notwithstanding the verdict at the sentencing phase, both motions being based on the lack of sufficient evidence to convict. We conclude that Rowe waived his right to question the sufficiency of the evidence on appeal by failing to move for a directed verdict at the conclusion of all the evidence, and therefore we affirm.

In June 1989, an undercover agent was approached by the appellant and three other persons. The agent gave the appellant $35.00, and the appellant left and returned twenty minutes later with "rock" cocaine. At trial, the agent testified that he kept the substance in his possession until it was sent to the State Crime Laboratory. A chemist testified that the rock substance contained cocaine. The jury found the appellant guilty of delivery of a controlled substance.

No motion for a directed verdict was made at the close of the case as required by Ark. R. Crim. P. 36.21(b), which states that the defendant must "move for a directed verdict at the conclusion of the evidence presented by the prosecution and at the close of the case" to preserve an argument based on sufficiency of the evidence. Failure to do so constitutes a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict. *See Sanders* v. *State*, 305 Ark. 112, 805 S.W.2d 953 (1991).

In *Weaver* v. *State*, 305 Ark. 180, 806 S.W.2d 615 (1991), the Court refused to address the sufficiency issue when the appellant failed to move for a directed verdict at the close of all the evidence but moved for a new trial on the basis that the verdict was contrary to the weight of the evidence. And, in *Easter* v. *State*, 306 Ark. 452, 815 S.W.2d 924 (1991) it is stated that "the court has strictly followed the requirements of Rule 36.21(b) and has refused to address sufficiency of the evidence questions unless both directed verdict motions were made." *See Andrews* v. *State*, 305 Ark. 262, 807 S.W.2d 917 (1991). In *Easter*, the appellant moved for a directed verdict at the close of the State's case but failed to do so at the close of all the evidence. After the jury verdict, he again moved for directed verdict. The court held this to be, in fact, a motion for a new trial which did not preserve his argument that there was insufficient evidence.

Accordingly, where the motion for directed verdict was

not renewed at the close of all the evidence, the motion for judgment notwithstanding the verdict made after the jury had rendered its verdict, and after the trial judge imposed sentence was not sufficient to comply with the requirements of Rule 36.21, and the issue was not preserved for appeal.

Affirmed.

CRACRAFT, C.J., and JENNINGS, J., agree.