## MACK MILLER v. THE STATE.

1. PRACTICE—APPEAL.—The action of the District Court dismissing a motion to reduce the amount of bail is not a final judgment from which an appeal will lie.

2. HABEAS CORPUS—PRACTICE.—Though the action of this court is final and conclusive when rendered on appeal under *habeas corpus*, it will not preclude the District Court having jurisdiction from afterwards entertaining a motion to reduce the amount of bail.

APPEAL from criminal court of Paris, Lamar county. Tried below before the Hon James Q. Chenoweth.

Mack Miller was before this court at a former term on appeal from a judgment of the court below refusing bail. The judgment was reversed, and his bail fixed at $7,500. He afterwards filed a motion in the court below to reduce the amount of his bail bond, alleging his inability to make the bond. The district attorney moved to dismiss the motion, because it appeared that the cause had been appealed to the Supreme Court and the amount of bail had been fixed by this court. The motion to dismiss was sustained, and Miller appealed.

*Maxey, Lightfoot & Gill,* for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—The record in this case was submitted with case No. 364, entitled Mack Miller *v.* The State, which was an application for bail on *habeas corpus.*

The District Court dismissed the writ because it appeared to be a second application, and that there had been an appeal from the decision upon the first writ.

The case No. 363 appears to have been a motion to reduce the amount of bail required of appellant, and seems to have been made in the case of The State *v.* Mack Miller,

who was jointly indicted with Samuel Provine on a charge of murder.

The court sustained objections to the motion on substantially the grounds interposed to the *habeas corpus* in case No. 364, and refused to reduce the bail, and Miller appealed.

The action of the court dismissing the motion is not a final judgment from which an appeal may be taken. The judgment, being in its nature interlocutory, would not bar another motion for the same purpose in term time, and, on showing good cause, the court would not be concluded from reducing the bail by reason of its action on the former motion or the action of the Supreme Court upon .the application for the writ of *habeas corpus*.

In the case No. 364 it is held that the judgment of this court in appeals under *habeas corpus* is final and conclusive on the first application.

The judgment on *habeas corpus* and the effect given to it do not apply to the motion in this case. But because the judgment of the District Court on the motion is not subject to revision by this court, the appeal is dismissed.

DISMISSED.