IN RE BARRETT SCOTT.

FILED NOVEMBER 28, 1893. No. 6562.

1. Upon an application for reduction of bail by a prisoner, after indictment and before trial, the guilt of the accused will be presumed, but evidence may be received to repel that presumption.

2. Review by Habeas Corpus. An order of the district court fixing the amount of bail a prisoner shall give will not be disturbed by the supreme court in a proceeding by *habeas corpus* for reduction of bail, unless it clearly appears *per se* that the amount is unreasonably great and disproportionate to the offense charged.

3. In fixing the amount of bail the court or judge may take into consideration the nature of the offense; the penalty which the law authorized to be inflicted should there be a conviction; the probability of the accused appearing to answer the charge against him, if released on bail; his pecuniary condition, and the circumstances surrounding the case.

In re Scott.

4. **Amount of Bail Required Under Indictment for Embezzlement.** *Held*, That the bail fixed by the district court for the appearance of the petitioner is not excessive.

ORIGINAL application for writ of *habeas corpus.*

The facts are stated in the opinion.

*E. W. Adams* and *J. H. Broady,* for petitioner:

The purpose of holding a person in custody to answer at a trial according to the law of the land, is not to punish him, but to secure his attendance at the trial. The constitution provides for release on bail, and that excessive bail shall not be required. (Constitution of Nebraska, sec. 9, art. 1.)

It is substantially a denial of bail and a violation of the constitutional guaranty against excessive bail to require a larger sum than from his circumstances the prisoner can be reasonably expected to give. (*United States v. Brawner,* 7 Fed. Rep., 86.)

Whether the bail is excessive, in effect, depends largely upon the pecuniary condition of the accused. Bail, to be reasonable in amount, should correspond to the financial condition of the country where the prisoner lives, and of himself and his friends. (*Ex parte Hutchings,* 11 Tex., App., 28; *McConnell v. State,* 13 Tex. App., 390; 2 Am. & Eng. Ency. Law, 12, 13, and cases cited.)

In considering the question of the amount of bail required, the presumption of guilt does not attach. (2 Bishop, Criminal Procedure, sec. 708.)

*H. M. Uttley, R. R. Dickson,* and *J. B. Barnes,* also for petitioner.

*H. E. Murphy* and *M. B. Reese, contra:*

The constitutional question sought to be presented is not to be applied to this case. It belonged to the district court alone. (Cooley, Const. Lim., p. 377.)

The presumption of innocence does not obtain, and the accused must be presumed to be guilty. The presumption changes after the indictment from that of innocence to that of guilt. Had the district court refused to admit the accused to bail, or to exercise any discretion, a different question would have been presented from what we have before us. The court did act, and decided. It acted judicially. This was final. (*Ex parte Duncan*, 53 Cal., 410, 54 Cal., 75; *In re Williams*, 23 Pac. Rep. [Cal.], 118; *Ex parte Ryan*, 44 Cal., 555; *People v. Dixon*, 4 Parker's Crim. Rep. [N. Y.], 651; *Ex parte Bryant*, 34 Ala., 270.)

NORVAL, J.

This was an application by Barrett Scott for a writ of *habeas corpus* to procure a reduction of the amount of his bail bond, alleging his inability to give a bond in the sum of $70,000, the amount fixed by the district court of Holt county, and that said sum is excessive. At the September, 1893, term of the district court of the county of Holt the grand jury returned an indictment charging the petitioner on the 4th day of August, 1893, as county treasurer of said county, with embezzling the sum of $70,000 of the public moneys belonging to said county. On the 7th day of October, 1893, on application of the prisoner to be admitted to bail, the district court fixed the amount of his recognizance at $24,000. Subsequently, on the 16th day of the same month, on motion of the county attorney, the district court, Judge Kinkaid presiding, increased the amount of recognizance to the sum of $70,000; and Scott refusing to give a bond in such sum, it was ordered by the court that he be remanded to the county jail until such recognizance be given.

There is no room for doubt that the district court has the power to increase or diminish the amount of bond a prisoner shall give for his appearance before said court and to answer to a criminal charge preferred

against him, at least during the term at which the original order fixing the amount of bail was made, and before any recognizance has been given. It is too well settled to require the citations of authorities, that courts of general jurisdiction, like district courts, have the authority to change, vacate, and set aside their own orders and judgments during the term at which they are entered, unless rights have become vested thereunder; and this power is a discretionary one, and cannot be controlled, unless there has been an abuse of discretion. In case a prisoner has been released on his giving a recognizance, the power of the court afterwards to raise the amount of the bond and require the accused to enter into a new recognizance, perhaps does not exist. In the case we are considering, however, the record conclusively shows that after the amount of the bond was first fixed at $24,000, and during the same term of court, but before the accused had succeeded in procuring a sufficient number of persons to sign his bond as security, the court increased the penalty of the bond to $70,000. The order in that behalf was not void.

It is insisted by counsel for the petitioner that the amount at which his bail was finally fixed is unreasonable and excessive, and a violation of the constitutional guaranty which declares that "all persons shall be bailable by sufficient sureties, except for treason and murder, where the proof is evident or the presumption is great. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." (Constitution, art. 1, sec. 9.)

Before entering upon a discussion of the question whether excessive bail has been required in this case, there are two other questions which we will first briefly consider, namely: Is the order of the district court fixing the amount of the recognizance final and conclusive? On an application to bail, after indictment, what presumption, if any, does the law raise as to the guilt or innocence of the accused?

Section 346 of the Criminal Code provides that "when any person charged with the commission of any bailable offense shall be confined in jail, whether committed by warrant under the hand and seal of any judge or magistrate, or by the sheriff or coroner, under any warrant upon indictment found, it shall be lawful for any judge of the supreme court, judge of the district court within his district, * * * to admit such person to bail by recognizing such person in such sum and with such securities as to such judge shall seem proper, conditioned for his appearance before the proper court to answer the offense wherewith he may be charged."

Section 358 of chapter 34 of the Criminal Code, entitled "Habeas Corpus," declares that "when the said judge shall have examined into the cause of the caption and detention of the person so brought before him, and shall be satisfied that the person is unlawfully imprisoned or detained, he shall forthwith discharge such prisoner from said confinement; and in case the person or persons applying for such writ shall be confined or detained in a legal manner, on a charge of having committed any crime or offense, the said judge shall, at his discretion, commit, discharge, or let to bail such person or persons; and if the said judge shall deem the offense bailable on the principles of law, he shall cause the person charged as aforesaid to enter into recognizance with one or more sufficient securities, in such sum as the judge shall think reasonable, the circumstances of the prisoner and the nature of the offense charged considered, conditioned for his appearance at the next court where the offense is cognizable," etc.

The section first above quoted confers authority upon a judge of the district court to let a prisoner to bail, when the offense charged is a bailable one, and to determine in what sum the bond shall be given. Of course, a discretion rests with the judge in fixing the amount of the recognizance; but this discretion is a judicial one. The decision

·of the judge, however, is not necessarily final and conclusive. Suppose in violation of the constitutional provisions ·excessive bail be demanded and the prisoner required to give a recognizance in a sum greatly in excess of that which the nature of the offense and the circumstances of the case demand. Would it for a moment be contended that the prisoner is without a remedy? Certainly not. He may in such a case in a proceeding by *habeas corpus* have the amount of bail reduced or fixed anew under the section last above quoted. (*Jones v. Kelly*, 17 Mass., 116 ; *State v. Best*, 7 Blackf. [Ind.], 611 ; Church, Habeas Corpus, 398 ; *Miller v. State*, 43 Tex., 579.)

Counsel for the respondent insist that, on the determination of an application to admit to bail after indictment, the presumption of innocence does not obtain, but that the ac·cused is presumed to be guilty of the offense laid in the in·dictment. The authorities upon the subject are conflicting. The following sustain the contention of counsel: *People v. Dixon*, 4 Park. Crim. Rep. [N. Y.], 651 ; *Ex parte Ryan*, 44 Cal., 555 ; *Ex parte Duncan*, 53 Cal., 410, 54 Cal., 75. Other cases uphold the doctrine that even after indictment found, in an application for reduction of bail, the court or judge will receive evidence as to the probable guilt of the prisoner. (*Yarbrough v. State*, 2 Tex., 519 ; *Drury v. State*, 25 Tex., 45 ; *Ex parte Bryant*, 34 Ala., 270 ; *Ex parte Hammock*, 78 Ala., 414 ; *Ex parte Vaughn*, 44 Ala., 417 ; *Commonwealth v. Rutherford*, 5 Randolph [Va.], 646 ; *Lynch v. People*, 38 Ill., 494 ; *Lumm v. State*, 3 Ind., 293 ; *Ex parte Kramer*, 19 Tex. App., 123 ; *Wray's Case*, 30 Miss., 681 ; *Street v. State*, 43 Miss., 1 ; *State v. Summons*, 19 O., 141 ; *Ex parte Kittrel*, 20 Ark., 499 ; Church, Habeas Corpus, sec. 403a.) The rule which occurs to us as being the most reasonable and most likely to aid in the administration of justice is this: That on application for bail by a person held in custody under an indictment found by a grand jury, the presentment of an indictment makes out

a *prima facie* case of guilt; but this presumption may be overcome by proof. In other words, the court, on *habeas corpus*, is not concluded by the finding of the grand jury, but may go behind the indictment and take evidence as to the truthfulness of the charge. This rule is fully supported by the cases last cited, and by the weight of the decisions in this country. In the case at bar the legal presumption of guilt is not overthrown by the evidence.

We will next consider whether excessive bail was required of the petitioner by the district court within the meaning of that term as used in our bill of rights. The question is not whether the amount of bail required is high, or whether we would have fixed so large a sum had the application been made to us in the first instance, but rather, was the bail demanded, *per se*, unreasonable, and disproportionate to the crime charged in the indictment. This, in substance, is the rule governing applications like the one before us as laid down in the decisions already cited.

From the evidence in the record it is not improbable that the petitioner will be unable to procure bail in the sum of $70,000; but that alone is not sufficient to establish that the amount is excessive or should be reduced. We do not question that the pecuniary circumstances of a prisoner should be considered in determining the amount of bail, yet that should not in itself control. If it did, a prisoner who is without means or friends would be entitled to be discharged on his own recognizance. (*People v. Town*, 3 Scam. [Ill.], 19; *Ex parte Duncan, supra*.) The object of requiring bail is to secure the attendance of the prisoner to answer to the offense charged, and abide the judgment and sentence of the court, should he be found guilty. Many things should be taken into consideration in fixing the amount of bail, such as the atrocity of the offense; the penalty which the law authorizes to be inflicted in case of a conviction; the probability of the accused appearing to answer the charge against him, if released on bail; his pe-

cuniary condition and the nature of the circumstances surrounding the case. This petitioner is charged with embezzling $70,000 of the public funds of Holt county,—a grave and heinous offense. Under the statute, in case a conviction is had, there may be imposed as a punishment an imprisonment in the penitentiary for twenty-one years, besides a fine of double the amount of money embezzled. Bail was not required in this case for a larger amount than the sum alleged to have been obtained by the commission of the offense. In *Ex parte Duncan, supra,* the petitioner had been held to bail by the municipal court of San Francisco in the sum of $112,000 on several indictments for forgery, grand larceny, and embezzlement, the sums alleged to have been received by him by reason of the commission of such felonies aggregating that sum. In a proceeding on *habeas corpus,* for reduction of bail, the supreme court of California held that the amount of bail demanded was not excessive.

Something was said on the argument of the case under consideration about the petitioner having once forfeited his recognizance. If this were true, that would be a proper matter for consideration in fixing the amount of his bond. The evidence shows a complaint was filed by one W. F. Hays before the county court of Holt county, charging Scott with embezzling county funds. The accused waived a preliminary examination and gave a bond in the sum of $15,000 for his appearance at the March, 1893, term of the district court of the county. At said term the county attorney filed an information charging Scott with the crime of embezzlement. The accused attended the March term of the district court and demanded trial, but the case was not reached. At the following term of said court, Scott having failed to appear, his bail was declared forfeited. It is probable, and for the purpose of this case we shall assume, without deciding the question, that, under the recognizance, the petitioner was only legally bound to personally

appear during the March term. The testimony, however, discloses that the petitioner, while the said charge of embezzlement was pending against him in the district court of Holt county, absconded from the county and state and fled to the republic of Mexico. Subsequently, after the expenditure of a large sum of money, the state procured his return to the county. The fact that he absconded is an important circumstance which should be considered, and it doubtless had great weight with the district court in determining the amount of the petitioner's bond. Upon the whole case we are constrained to hold that the amount of the recognizance required of the petitioner, although high, is not excessive. The writ, therefore, is denied.

WRIT DENIED.