WILLIAM BOWEN v. STATE OF NEBRASKA ET AL.

FILED OCTOBER 1, 1895.    No. 7370.

1. Review: STIPULATION FILED BELOW AFTER JUDGMENT.  A stipulation of the facts filed in the district court after its judgment has been rendered cannot be considered upon proceedings for the review of such judgment in the supreme court.

2. ———: RECORD.  Where the questions presented in error proceedings are dependent upon the existence of certain facts there can be no review of such questions in the absence of a showing that any evidence was introduced upon the trial in the district court.

ERROR to the district court for Holt county.    Tried below before KINKAID and BARTOW, JJ.

*H. M. Uttley*, for plaintiff in error.

*H. E. Murphy*, contra.

RYAN, C.

The district court of Holt county fixed the penal sum of the bond of Barrett Scott at $70,000 in a prosecution therein pending.    Upon an application for a writ of *habeas corpus* this court held the penal sum named not excessive. (*In re Scott*, 38 Neb., 502.)    The petition in the case now under consideration was filed December 4, 1893, in said

district court by the defendants in error and an injunction allowed December 6 to prevent the release of Barrett Scott by plaintiff in error, the county judge of said county, upon a recognizance proposed to be by him approved. From the answer found in the record it appears that the county judge of Holt county, at the time the petition was filed, was taking steps toward admitting Barrett Scott to bail in the sum above named. It does not appear, however, when this answer was in fact filed nor that it ever was filed. The reply was filed December 11, 1893. A stipulation was filed December 12, 1893, in which it was admitted that the district court of Holt county was in session November 27, 1893, and was transacting business, and on that day took a recess until the 5th day of December, 1893, and that at the time of the taking of the bond of Barrett Scott both judges of said district court were absent from Holt county and were holding court in the counties of Sheridan and Dawes in said district, and that at the time of the filing of the stipulation the September term of the district court of Holt county had not yet adjourned. While the stipulation was filed December 12, 1893, the trial was had and decree entered on the day previous. A motion in the nature of a motion for a new trial was overruled on December 12, 1893, from which we are led to infer that the stipulation above referred to was perhaps filed after the said motion was passed upon. However this in fact may be, it is clear it was not filed early enough to have received consideration upon the trial. The record purports to contain a bill of exceptions, but we can find nothing of the nature of evidence except the stipulation to which reference has already been made. We cannot, therefore, determine this error proceeding upon the facts, and these being eliminated, no question remains for our consideration. The judgment of the district court is, therefore,

AFFIRMED.