IN RE APPLICATION OF EDWARD D. KENNEDY FOR A WRIT OF
HABEAS CORPUS.
EDWARD D. KENNEDY, APPELLANT, V. PATRICK CORRIGAN,
SHERIFF OF DOUGLAS COUNTY, NEBRASKA, APPELLEE.
100 N. W. 2d 550

Filed January 8, 1960.    No. 34744.

*Jack L. Spence* and *Thomas P. Lott,* for appellant.

*Clarence S. Beck,* Attorney General, and *Bernard L. Packett,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an appeal in an action wherein Edward D. Kennedy, as petitioner by his attorney, filed a petition for writ of habeas corpus the declared purpose of which

was to have the district court for Douglas County reduce bail in the amount of $25,000 ,which had been fixed on a finding by the municipal court of the city of Omaha, Douglas County, Nebraska, of probable cause to believe that the petitioner was guilty of the crime of "possession of burglar tools," and to fix bail in an amount in conformity with the petitioner's constitutional rights. Patrick Corrigan, sheriff of Douglas County, Nebraska, was named as respondent. The petitioner was at the time in the custody of the sheriff. By the petition it was alleged that the bond of $25,000 was fixed in the municipal court on September 16, 1959, and that a motion was filed in the district court for a reduction of the amount on September 17, 1959, which was overruled on September 18, 1959.

A writ requiring the production of the petitioner was duly issued, and according to the terms of an order in the transcript the respondent made a return and produced the petitioner in court. The transcript contains no pleading which denies the allegations of fact contained in the petition. A hearing was had on September 29, 1959, and the petition was denied. From this order the petitioner has appealed. He will hereinafter be referred to as appellant and the respondent will be referred to as appellee.

It is proper to state here that in this case on the record there is, properly speaking, no factual dispute. There is a bill of exceptions but it contains little bearing on the questions here for consideration. The only basic facts in the case are that the appellant stood charged with the offense of "possession of burglar tools"; that bail was fixed at $25,000; that he applied to the district court for a reduction thereof; and that a judge of the district court denied his application. These allegations of fact are not denied. It is further pointed out that no question has been raised of whether or not the offense with which the appellant is charged is bailable. The parties have proceeded on the assumption that it is a bailable offense.

The first question presented for consideration is that of whether or not the issue of the excessiveness of bail under the conditions described in the petition may be raised and adjudicated in a habeas corpus proceeding in the district court, and in case of an adverse ruling in that court whether or not a review may be had on the merits in this court.

The appellee contends substantially that when there has been a request to the district court for reduction and fixation of bail and a ruling had thereon denying the request the only remedy is that of appeal from that ruling to this court.

This contention of the appellee cannot be sustained. This court, in the case of In re Scott, 38 Neb. 502, 56 N. W. 1009, a case similar in the particulars to this one, made this clear. That was an action in habeas corpus in which one in custody on a criminal charge was seeking a reduction of the amount fixed for bail.

In arriving at its conclusion as to whether or not habeas corpus was available the court referred first to section 346 of the then criminal code. This section designates those who may fix and take bail in bailable offenses. The substance of this section appears in section 29-901, R. R. S. 1943. There is more to the new section than this but this portion is in nowise negatived.

The opinion then refers to section 358 of Chapter 34 of the then criminal code. This section, with reference to habeas corpus as applied to a person in custody charged with an offense, contains the following: "And in case the person or persons applying for such writ shall be confined or detained in a legal manner, on a charge of having committed any crime or offense, the said judge shall, at his discretion, commit, discharge, or let to bail such person or persons, * * *." The substance of this section is contained in section 29-2806, R. R. S. 1943.

In application of the provision to the situation the court said: "Suppose in violation of the constitutional provisions excessive bail be demanded and the pris-

oner required to give a recognizance in a sum greatly in excess of that which the nature of the offense and the circumstances of the case demand. Would it for a moment be contended that the prisoner is without a remedy? Certainly not. He may in such a case in a proceeding by habeas corpus have the amount of bail reduced or fixed anew under the section last above quoted."

This case has never been reversed and nothing has been presented which is deemed sufficient to justify a departure from the conclusion arrived at in the opinion or criticism of the reasoning on which it is predicated.

It then becomes necessary to review and pass upon the question of whether or not the district court erred in refusing to reduce the bail of appellant below $25,000, and if it did so err to fix the proper amount. In a determination of this question a rule for guidance is that without evidence the person charged with the criminal offense is for the purpose of bail presumed to be guilty. See In re Scott, *supra.*

This presumption however may be overcome by proof, and the court may take evidence relating to the truthfulness of the charge for the purpose of arriving at a conclusion as to the amount of bail to be exacted. See In re Scott, *supra.*

Incidents to be taken into consideration in fixing bail as pointed out are numerous. In the case of In re Scott, *supra,* it was said: "Many things should be taken into consideration in fixing the amount of bail, such as the atrocity of the offense; the penalty which the law authorizes to be inflicted in case of a conviction; the probability of the accused appearing to answer the charge against him, if released on bail; his pecuniary condition and the nature of the circumstances surrounding the case."

The adduced evidence as to these elements shows only and generally that the appellant had on other occasions been released on bail and that he responded .

as-required without difficulty. The only other pertinent information is that which may be gleaned from the statutes and that is that the penalty for the offense charged is imprisonment in the penitentiary for not less than 1 nor more than 5 years. Neither party on the hearing in the district court chose to submit other or further evidence bearing on the proper elements of inquiry.

The question therefore was, on the record, that of whether or not the bail of $25,000 demanded was unreasonable and disproportionate, under the limited disclosure, to the crime charged. There is no fixed pattern in this jurisdiction whereby this question may be resolved. This court has said that it is a question of discretion and that the discretion of the court fixing the amount of bail, in the absence of abuse, will be accepted. See In re Scott, *supra*.

Many cases from different jurisdictions are referred to in an annotation, 72 A. L. R. 801, wherein the various phases of this subject and the propriety of the amount of bail under different circumstances and as to different charges of crime are considered. The citations will not be set out herein. No pattern or guide as to reasonableness of bail flows from these cases. In some the court in fixing the amount of bail which was under examination had before it extraneous facts bearing on the question and in others this does not appear to have been true.

It appears therefore that since, as already pointed out, the fixing of bail is a matter of discretion which discretion will be upheld unless it has been abused, this case must turn upon the question of whether or not the district court abused its discretion in refusing to reduce the bail below $25,000.

The appellant has failed to present this court with a record containing evidence of the surrounding facts and circumstances relating to the matter of sufficiency of bail and the question of the discretion of the court

in fixing it, as it has been made clear he had the right to do. There is the same lack of showing on the part of the appellee. The burden of showing here that the bail was excessive, however, was upon the appellant. In the absence of a showing such as indicated it may not well be said that in this instance the action of the district court in refusing to reduce bail amounted to an abuse of discretion, especially in view of the penalty provided by law for the criminal offense with which appellant is charged.

In the light of this the judgment of the district court is affirmed.

AFFIRMED.