STATE v. NORMAN MASTRIAN.*

122 N. W. (2d) 621.

June 28, 1963—No. 39,134.

*Edward J. Drury,* for appellant.

*William B. Randall,* County Attorney, and *Stephen L. Maxwell,* Assistant County Attorney, for respondent.

PER CURIAM.

On May 8, 1963, defendant Norman Mastrian was indicted by the grand jury of Ramsey County for murder in the first degree. Bail was set by the district court at $100,000. An application for reduction was denied and defendant appeals.

We review the order although the question of whether appeal is available in such a case is doubtful.[1] Constitutional rights are involved,[2] and since no question is raised by the state, the record presented to us is reviewed for an answer to the following issue: Did the trial court abuse

---

*Certiorari denied by U. S. Supreme Court December 9, 1963.

[1] See, Minn. St. 632.01; State v. Saha, 169 Minn. 514, 211 N. W. 469.

[2] Minn. Const. art. 1, §§ 5, 7; U. S. Const. Amend. VIII.

its discretion in fixing bail in the amount specified and in refusing reduction upon application?

The purpose of arrest and confinement of a person charged with a crime is to assure his presence at the time fixed for his trial.[3] The purpose of bail in cases such as this is to permit his release if appearance at trial can otherwise be guaranteed.[4] The amount of bail which will accomplish the objective is for determination by the court having jurisdiction over the defendant when the bail is fixed.[5] Factors for consideration include:

(1) The seriousness of the offense charged and the severity of the punishment to be imposed if defendant is found guilty.

(2) The physical condition of defendant.

(3) The ability of defendant to provide bail in an amount less than that initially fixed but adequate to meet the minimal requirements of the situation.

(4) The circumstances of the case pointing to the likelihood of defendant's appearance if released on bail including his past history; his relationship to the community at the time of his arrest; and the circumstances of his apprehension.[6]

In reviewing the decision made by the district court, the view of the trial judge will be accepted unless defendant shows that the discretion exercised was abused so as to deprive him of his constitutional rights.[7]

---

[3]See, Minn. St. 629.30; 6 C. J. S., Arrest, § 1.

[4]In re Application of Shetsky for Return of Bail Money, 239 Minn. 463, 60 N. W. (2d) 40.

[5]8 Am. Jur. (2d) Bail and Recognizance, § 13, and cases cited; Forest v. United States (8 Cir.) 203 F. (2d) 83, certiorari granted, Sentner v. United States, 348 U. S. 935, 75 S. Ct. 361, 99 L. ed. 733; Gusick v. Boies, 72 Ariz. 233, 233 P. (2d) 446; Wadey v. Justice Court, 176 Cal. App. (2d) 426, 1 Cal. Rptr. 382.

[6]See cases collected in Annotation, 72 A. L. R. 801; 8 Am. Jur. (2d) Bail and Recognizance, §§ 39 to 45, 71.

[7]See, Kennedy v. Corrigan, 169 Neb. 586, 100 N. W. (2d) 550; Ex parte Malley, 50 Nev. 248, 256 P. 512, 53 A. L. R. 395; Annotation, 53 A. L. R. 399.

We are called upon to reverse the order of the district court upon a showing that in other cases involving murder in the first degree bail has been and is generally fixed at a substantially lower amount, and that defendant is wholly unable to produce a bail of $100,000. We cannot determine from the showing made what bail defendant contends would be adequate and possible for him to secure, but the trial court in its memorandum states that defendant suggested a bond in the amount of $20,000. In light of the decisions of other courts,[8] we do not feel that defendant has established a deprivation of his constitutional rights.

The decision of the trial court is affirmed. The right of defendant to move for a speedy trial in the event he cannot make bail may be the solution to his problem. Further, our decision is without prejudice to the right of defendant to make further application with such additional evidence as this opinion may suggest.

Affirmed.

---

[8]People ex rel. Rao v. Adams, 296 N. Y. 231, 72 N. E. (2d) 170; United States v. Dioguardi (2 Cir.) 237 F. (2d) 57; Cohen v. United States, 82 S. Ct. 8, 7 L. ed. (2d) 13; Lupino v. United States (8 Cir.) 258 F. (2d) 792. For a discussion of the limitation on the right of a court to fix bail, see Stack v. Boyle, 342 U. S. 1, 72 S. Ct. 1, 96 L. ed. 3. See discussions in 51 Mich. L. Rev. 389; 41 Yale L. J. 293; 60 Harv. L.Rev.1154.