**STATE of Minnesota, Respondent,**

v.

**Tony WHITCOMB, Appellant.**

No. C3–87–1148.

Court of Appeals of Minnesota.

Oct. 20, 1987.

Review Denied Dec. 22, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Q. Lynch, Kandiyohi Co. Atty., Willmar, for respondent.

Tony Whitcomb, pro se.

Considered and decided by SEDGWICK, P.J., and PARKER and HUSPENI, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

This appeal is from a conviction for speeding and from an order issuing a bench warrant for arrest on a charge of obstructing legal process.[1] Appellant Tony Whitcomb had notice of the trial on both charges but did not appear. A conviction was ordered on the speeding charge and a bench warrant issued for his arrest for obstructing legal process. Whitcomb claims the trial court should not have taken these actions because there was a stay of execution of sentence pending his appeal of a contempt conviction. The state replies that the stay pertained only to the contempt proceeding and not to the original charges of speeding and obstructing legal process. Whitcomb also claims that bail

was excessive and he was denied the right to counsel. We affirm on all issues.

## FACTS

On March 27, 1986, Whitcomb was stopped by a police officer for speeding. Whitcomb initially refused to surrender his driver's license or to come out of the car. The police officer called for assistance. Whitcomb eventually relented and voluntarily came out of his car.

Whitcomb was taken into custody and charged with (1) speeding in violation of Minn.Stat. § 169.14 (1984); (2) obstructing legal process in violation of Minn.Stat. § 609.50(2) (1984); and (3) failure to sign the promise to appear in violation of Minn. Stat. § 169.91, subd. 3 (1984). The failure-to-sign-promise charge was dismissed when he appeared for trial on July 8, 1986.

Throughout pretrial proceedings Whitcomb was uncooperative with the court, often refusing to answer questions or reciting statements that had no relevance to questions asked. The trial court set bail at $1,000, apparently in part because of Whitcomb's uncooperativeness. Whitcomb demanded that his father be allowed to represent him. The court denied this request because Whitcomb's father was not a licensed attorney. The court offered to Whitcomb a public defender, but he refused the offer.

Whitcomb appeared at the trial on July 8, 1986, representing himself. During jury selection he again was uncooperative and asked the prospective jurors irrelevant and improper questions. When he persisted, the trial court found him in direct contempt and sentenced him to 30 days in jail. Whitcomb was immediately taken from the courtroom to jail, and the court declared a mistrial on the speeding and obstruction charges.

Whitcomb filed a request for writ of habeas corpus, and a hearing was scheduled for July 18, 1986. At the hearing the

---

1. This appeal from an order issuing a bench warrant is not an appeal as of right, because a final judgment has not been entered on this charge. See Minn.R.Crim.P. 28.02, subd. 2(2). However, we find it appropriate to consider this issue in the interest of efficient administration of justice. See Minn.R.Crim.P. 28.02, subd. 11.

court ruled that the contempt conviction was valid. Whitcomb requested a stay of execution of his sentence pending appeal, and the court granted it. The order for stay provided that if appeal were made, "he shall stay out of jail until such time as the appeal proceedings are concluded and a final determination made."

Whitcomb appealed his contempt conviction and this court affirmed. *State v.' Whitcomb*, 399 N.W.2d 124 (Minn.Ct.App. 1987), *pet. for rev. denied* (Minn. Feb. 13, 1987). On April 14, 1987, he filed a petition for certiorari in the United States Supreme Court.

On March 19, 1987, the trial court sent Whitcomb a letter notifying him of trial set for May 19, 1987, on the speeding and obstruction charges. Whitcomb immediately returned the letter, writing "Return to sender" on the original envelope.

On May 18, 1987, a day before trial, the court received a written notice from Whitcomb entitled "Notice of Cancellation." It purported to cancel the trial because Whitcomb had petitioned for certiorari from the United States Supreme Court on the contempt conviction.

Whitcomb did not appear at his May 1987 trial and the trial court ordered his conviction for speeding pursuant to Minn.Stat. § 171.01, subd. 13 (1984). His $1,000 bail was forfeited because his failure to appear violated the terms of his bail bond. The court also ordered a bench warrant issued for his arrest on the obstruction charge pursuant to Minn.R.Crim.P. 3.01.

## ISSUES

1. Did the trial court err in ordering conviction for speeding?

2. Did the trial court err in issuing a bench warrant for appellant's arrest for obstruction of legal process?

3. Did the trial court err in ordering $1,000 bail for appellant on his arrests for speeding, obstructing legal process and failure to sign the promise to appear?

4. May a lay person represent a defendant in a criminal trial?

## DISCUSSION

### I

■ The trial court ordered a conviction against Whitcomb for purposes of driver's license administration, because he failed to appear at his trial. Minn.Stat. § 171.01, subd. 13, provides:

The term "conviction" means a final conviction either after trial or upon a plea of guilty; *also a forfeiture of cash or collateral deposited to guarantee a defendant's appearance in court,* which forfeiture has not been vacated, or a breach of a condition of release without bail, *including violation of a written promise to appear,* is equivalent to a conviction.

(Emphasis added). Because Whitcomb, forfeiting bail, did not appear at his trial, an order for conviction as it applies to Whitcomb's driver's license and record was properly entered.

### II

Minn.R.Crim.P. 3.01 provides, in pertinent part: "If a defendant fails to appear in response to a summons, a warrant shall issue." Whitcomb was summoned to trial by the court's March 19, 1987, notice to him. It is clear he received the notice because he returned it and the envelope with his written comments on them. The court correctly applied the rules of criminal procedure in ordering a bench warrant for his arrest when he did not appear at trial on the charge of obstructing legal process.

Whitcomb claims his stay of execution of sentence pending appeal of the contempt conviction also stays any action on the charges of speeding and obstructing legal process. There is no merit to this argument.

■ The July 18 order staying execution was made pursuant to Whitcomb's specific request that his sentence on the contempt conviction be stayed pending his appeal of that conviction. There is nothing in Whitcomb's motion or the court's order which refers to the proceeding on the charges of speeding and obstructing legal process.

Thus, the order does not stay prosecution on those charges.

Whitcomb claims that the contempt, speeding and obstruction actions are all one proceeding and that his stay of execution of sentence also stays any actions on the other charges. However, it is clear that the contempt action and the original speeding and obstruction action must be considered separate proceedings. For offenses to be joined in one proceeding, the court must find the offenses are somehow related in terms of time, place or criminal objective. See Minn.R.Crim.P. 17.03; *State v. Conaway*, 319 N.W.2d 35, 42 (Minn. 1982); *State v. Hatton*, 389 N.W.2d 229, 234 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Aug. 13, 1986). Because the contempt offense is not related to the other offenses by any of these factors, it is a separate proceeding.

Whitcomb alternatively argues that an appeal in one criminal proceeding should stay all actions in other proceedings against the same defendant. However, a stay pending appeal in one action does not stay another proceeding if the issue on appeal in the first proceeding does not affect the merits of the other proceeding. *Thacker v. Slayton*, 375 F.Supp. 1332, 1337–38 (E.D.Va.1974).

Despite its untimeliness, we have received and considered a handwritten reply brief filed by Whitcomb. Nothing therein throws new light on issues raised in the appeal or meets arguments raised by the state. At the risk of repetition, we conclude: in this case the resolution of the contempt appeal has no bearing on the original charges of speeding and obstruction. Therefore, any stay pending appeal of Whitcomb's contempt conviction does not stay actions on charges of speeding and obstructing legal process.

### III

Both the United States and Minnesota constitutions prohibit the imposition of excessive bail. U.S. Const. amend. VIII; Minn. Const. art I, § 5. The trial court sets the amount and terms of bail. Minn. R.Crim.P. 5.05. The determination of bail is within the trial court's discretion and will not be overturned absent a clear abuse of discretion. *State v. Huber*, 275 Minn. 475, 478, 148 N.W.2d 137, 140 (1967).

Bail is not excessive unless it is more than the amount reasonably necessary to guarantee the defendant's appearance at trial. *Stack v. Boyle*, 342 U.S. 1, 5–6, 72 S.Ct. 1, 3–4, 96 L.Ed. 3 (1951); *State v. Mastrian*, 266 Minn. 58, 59, 122 N.W.2d 621, 622–23 (1963), *cert. denied*, 375 U.S. 942, 84 S.Ct. 349, 11 L.Ed.2d 274 (1963). The three offenses originally charged against Whitcomb carried maximum fines of $700 each, totaling $2,100 maximum. Bail was set at $1,000. The trial court immediately noted that Whitcomb was disorderly and uncooperative. Consequently, the court was justified in concluding there was a substantial risk that Whitcomb would not appear at trial. Considering Whitcomb's attitude and the nature of the charged offenses, the court was within its discretion in setting bail at $1,000.

### IV

The right to counsel in criminal proceedings is guaranteed by the United States and Minnesota constitutions. U.S. Const. amend VI; Minn. Const. art I, § 6. Both constitutions state that the accused shall have the assistance of counsel for his defense.

Whitcomb claims he was entitled to counsel of his choice. Specifically, he chose to have his father, a lay person, represent him and he refused assistance offered by the appointed public defender.

Although Whitcomb is entitled to counsel, he is not absolutely entitled to counsel of his choice. *Carey v. State of Minnesota*, 767 F.2d 440, 441 (8th Cir. 1985), *cert. denied*, 474 U.S. 1010, 106 S.Ct. 536, 88 L.Ed.2d 467 (1985); *State v. Fagerstrom*, 286 Minn. 295, 299, 176 N.W.2d 261, 264 (1970). It is sufficient that he is provided competent counsel. *Carey*, 767 F.2d at 441; *Fagerstrom*, 286 Minn. at 299, 176 N.W.2d at 264. The court will inquire into the specific reason why the defendant did

not accept offered counsel and will ask if defendant was somehow prejudiced in the preparation of his case. *Fagerstrom,* 286 Minn. at 299–300, 176 N.W.2d at 264–65.

Whitcomb gave no reason for refusing the offered public defender. He did not allege the public defender was incompetent.

Whitcomb was not prejudiced in preparation of his defense, because he was offered counsel more than three months before trial and the trial court strongly recommended that he be represented by legal counsel. *Cf. Carey,* 767 F.2d at 442. We hold that the trial court met the constitutional requirement to provide counsel to Whitcomb.

### DECISION

The trial court's order for stay of execution of sentence pending appeal of appellant's contempt conviction did not stay prosecution on the charges of speeding and obstructing legal process. The trial court did not violate appellant's constitutional rights in setting bail or in denying appellant's request to be represented by a lay person.

Affirmed.