STATE of Minnesota, Respondent,

v.

Patrick Richard HANEY, Appellant,

Jennifer Leah Kantor, Appellant.

Nos. C2–99–126, C6–99–128.

Court of Appeals of Minnesota.

Aug. 31, 1999.

Mike Hatch, Attorney General, St. Paul; and David J. Hauser, Otter Tail County Attorney, Michelle M. Eldien, Assistant County Attorney, Fergus Falls, for respondent.

Samuel A. McCloud, Kelly Vince Griffitts, Shakopee, for appellants.

Considered and decided by KLAPHAKE, Presiding Judge, ANDERSON, Judge, and NORTON, Judge.*

## OPINION

KLAPHAKE, Judge.

In these consolidated appeals, Patrick Haney and Jennifer Kantor claim the trial court erred in convicting them of petty misdemeanor speeding without a trial after they failed to appear for trial. Because we conclude that their appearances were unnecessary for purposes of driver's license administration, we uphold their convictions for that limited purpose. Because imposition of a fine may occur only after a trial or a guilty plea, we reverse appellants' petty misdemeanor convictions.

## FACTS

Appellants Patrick Haney and Jennifer Kantor appeal from their convictions for speeding in violation of Minn.Stat. § 169.14 (1998). On August 15, 1998, Haney was issued a citation for driving 78 m.p.h. in a 55 m.p.h. zone. On August 24, 1998, Kantor was issued a citation for driving 78 m.p.h. in a 65 m.p.h. zone. They pleaded not guilty and requested court trials.

On January 11, 1999, about one-and-one-half hours before appellants' scheduled trials in Fergus Falls, their attorney, Samuel McCloud, informed the Otter Tail County Court Administrator's office by telephone that he was having car problems in St. Cloud and that he would be unable to appear for trial. According to the state, McCloud was told to move the court for a continuance, which he did not do.

When neither appellants nor McCloud appeared for trial, the court entered convictions, concluding that McCloud's basis for requesting a continuance was not credible. The Otter Tail Assistant County Attorney stated on the record that in the four months prior to trial, McCloud had rescheduled the trial date through the court administrator's office on three separate occasions. Appellants now claim that the trial court erred in entering convictions without trials.

## ISSUE

Did the trial court err in convicting appellants of petty misdemeanor speeding where appellants failed to appear for trial?

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

## ANALYSIS

 Minn.Stat. §§ 171.01–.322 (1998) enumerate the requirements for obtaining a Minnesota driver's license and the limitations on the use of such a license. Under its definitional section, "conviction" is defined as

> a final conviction either after trial or upon a plea of guilty. Also, a forfeiture of cash or collateral deposited to guarantee a defendant's appearance in court, which forfeiture has not been vacated; *the failure to comply with a written notice to appear in court;* or a breach of a condition of release without bail, is equivalent to a conviction.

Minn.Stat. § 171.01, subd. 13. (emphasis added). This court has upheld a speeding conviction "for purposes of driver's license administration," where a pro se defendant, without proper excuse, failed to appear for trial after receiving written notice of the trial date. *State v. Whitcomb,* 413 N.W.2d 839, 841 (Minn.App.1987), *review denied* (Minn. Dec. 22, 1987). In *Whitcomb,* the defendant had returned to the court the two envelopes containing the trial date notices and had written on the envelopes, "Return to sender" and "Notice of Cancellation." *Id.*

 Here, appellants received proper notice of their trial date. Because they failed to comply with the written notice to appear in court, the trial court properly entered an order for conviction consistent with Minn.Stat. § 171.01, subd. 13. *See Whitcomb,* 413 N.W.2d at 841.

 This does not end our inquiry, however. A speeding conviction derives from a violation of a traffic regulation. As such, the offense may come within the authority of the commissioner of public safety to issue, revoke, or cancel driver's licenses. *See, e.g.,* Minn.Stat. § 169.92, subd. 4 (1998) (allowing suspension of driver's license for driver's nonappearance in court following any motor vehicle violation). The offense may also be subject to statutory penalties. Although the charge here is a petty misdemeanor, it is governed by the Minnesota Rules of Criminal Procedure. In order to be convicted, there must be a guilty plea or guilty verdict and the defendant is presumed innocent until proven guilty beyond a reasonable doubt. Minn. R.Crim. P. 23.05, subd. 3; *see* Minn.Stat. § 609.02, subd. 5 (1998).[1] As appellants did not plead guilty or receive a trial, their convictions and fines were improper, except for the limited purpose of driver's license administration. We thus reverse appellants' petty misdemeanor convictions and fines.

## DECISION

The trial court erred in entering a petty misdemeanor conviction on appellants' citations for speeding without holding a trial or obtaining guilty pleas.

**Affirmed in part and reversed in part.**

---

1. A trial court may try a defendant in absentia if the defendant constructively waives the right to be present. *See State v. Worthy,* 583 N.W.2d 270, 277–78 (Minn.1998). But here there was no evidence presented and no finding of guilt made.