IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

LONGS V. JOHNSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MICHAEL J. LONGS II, APPELLANT,

V.

BRADLEY L. JOHNSON, DIRECTOR OF THE LANCASTER COUNTY
DEPARTMENT OF CORRECTIONS, APPELLEE.

Filed July 9, 2019.    No. A-18-1029.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Michael J. Longs II, pro se.

Daniel J. Zieg, Deputy Lancaster County Attorney, for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

BISHOP, Judge.

## INTRODUCTION

Michael J. Longs II, pro se, appeals from an order of the Lancaster County District Court denying, among other things, his application for writ of habeas corpus and dismissing his case. The essence of Longs' argument is that the $500,000 bail amount set in a separate criminal case against him is excessive and that he is therefore being illegally detained. We affirm.

## BACKGROUND

The State charged Longs with first degree assault in 2017; that separate criminal case (CR 17-1508) was pending in the district court when this case was initiated. A summary of the contents of our record follows.

- 1 -

LONGS' APPLICATION FOR WRIT OF HABEAS CORPUS

On September 6, 2018, Longs, pro se, filed an application for writ of habeas corpus in the district court seeking a writ commanding Bradley L. Johnson, Director of Lancaster County Department of Corrections, to release him on "reasonable bail." Longs claimed he was being illegally detained for how certain proceedings in "CR-17-1508" had allegedly transpired.

Longs asserted that "the date of the alleged offense" was June 7, 2017, and that he was arrested on August 30. He appeared before "the county court" on August 31, which "entered an order that day permitting [him] to be released from custody, upon execution of an appearance bond in the sum of $75,000" and ordered him to "appear for docket call" in September. Longs deposited $7,500 with the clerk of the court that day, signed the appearance bond, and was released from custody. He claimed the county court "somehow determined that the State had shown probable cause" at a preliminary hearing and the case was bound over to the district court.

Longs alleged that his appointed counsel (first counsel) filed a written plea of not guilty without his knowledge or consent and that he was not served the information. "Nevertheless," the State filed an information in the district court, charging him with first degree assault. He claims he "was never arraigned." He states that, without his authorization, his first counsel filed a "written waiver of speedy trial" in February 2018, before filing a motion for leave to withdraw as Longs' counsel about a month later; Longs said that motion was granted and he was appointed new counsel (second counsel). His second counsel then informed the district court of a possible conflict of interest during a hearing on April 19; Longs said he objected to any continuances and expressed his desire and right to represent himself "particularly if it me[a]nt the difference between having a trial in May 2018 versus July 2018." He alleged that his second counsel's "withdraw was granted." Longs appeared for a hearing on April 20, at which time he was appointed new counsel (third counsel) and trial was ordered to be in the May 2018 term. His third counsel then filed a motion for leave to withdraw on April 25, and new counsel (fourth counsel) was appointed to represent him on April 30. Longs appeared with his fourth counsel before the district court on May 7, during which his fourth counsel orally moved to withdraw from representing Longs due to a conflict in representing Longs; Longs said the district court granted that motion and orally appointed new counsel (fifth counsel) for Longs, "even over [Longs'] objection." He conceded that he was not at hearings on May 10 or May 17 (his fifth counsel was present) but argued that was because he was not ordered to appear and/or did not receive "constructive" notice of it.

Longs alleged that on May 17, 2018, the district court entered a warrant for his arrest, on which he was arrested on August 29. He was placed in the Lancaster County Jail under Johnson's direction "without bail." He claimed: "I am still being held without bail as of today, September 5 . . . [t]he [b]ail was exces[s]iv[e]ly [h]igh, [$]500,000 . . . but when family called [the jail], they were informed that [he] did not have a bond." He claimed that on August 31, at his request, the district court orally discharged his fifth counsel from representing him. Longs said he had asked the district court to set aside his previous bond forfeiture and reinstate his original bond, but that was denied and a bond was set at $500,000. Nevertheless, Longs claims that the jail and Johnson allegedly said Longs did not have a bond. He contends the jail would not let him post bail even if the funds to bail him out were available.

On October 25, 2018, the district court entered an order. It noted that in this action Longs had filed an application for a writ of habeas corpus and that, thereafter, it had ordered Johnson to show cause why that writ should not issue. Johnson filed a response and a supplemental response to that order. The district court listed the seven other documents that Longs had filed requesting relief. Besides Longs' application for writ of habeas corpus, none of those filings are in our record.

The district court took judicial notice of the proceedings of CR 17-1508, about which it said:

The proceedings in CR 17-1508 involve [Longs] being charged on November 7, 2017, by Information, [which] charges him with First Degree Assault pursuant to Neb. Rev. Stat. § 28-308 [Reissue 2016]. He had previously posted 10% of $75,000 as an appearance bond.

On May 17, 2018, [Longs] failed to appear at a hearing held in the case. His bond was forfeited and a bench warrant was issued. On August 31, [Longs] appeared before the court after being arrested on the bench warrant. His request to reinstate the previous bond was denied and a new bond was set at $500,000 10%, requiring a deposit of $50,000 by [Longs] in order to be released from custody. While [Longs] has requested a reduction of the bond amount, no reduction has been granted and the bond remains a $500,000 10% bond. At no time has [Longs] posted $50,000 with the clerk of the court, nor has he had $50,000 deposited on his books at the jail to secure his release on that bond.

The district court found that Longs' arguments, one being that his bond was set at "too high an amount," did "not translate" to him "being illegally detained such that a writ of habeas corpus should issue." It found that Longs' application for a writ of mandamus (one of the filings not in our record) ordering Johnson to release him was "wholly without merit" as Longs had not posted the deposit necessary to be released on bond. The court also found that Johnson was under a duty to hold Longs pursuant to the bond set, and that Longs could not show Johnson had a ministerial duty to do otherwise. Because Longs' "other pleadings" sought to "collaterally attack" the ongoing proceedings in CR 17-1508, the district court would not consider them because "such collateral attack" was "improper."

The district court denied Longs' applications for habeas corpus, mandamus, and error coram nobis (another one of Longs' filings not in our record) and denied "[a]ny and all further relief" sought by Longs. The case was dismissed.

LONGS' APPEALS

Longs' first appeal to this court in this case was filed on October 24, 2018, before the district court's entry of its October 25 order; we dismissed that appeal for lack of jurisdiction. The present appeal was timely filed on October 30.

ASSIGNMENTS OF ERROR

Longs claims, restated and reordered, that (1) the district court did not have jurisdiction, (2) he did not receive service of the information, (3) there was no arraignment, (4) there was no

preliminary hearing in district court, and that the district court erred in (5) not ordering him to appear for a hearing then having him arrested "for no violation of bond or the law," (6) placing him on community corrections "which is for pretrial purposes and individuals who are unable to place or post bond," (7) ordering that he forfeited his $75,000 bond, and (8) imposing an excessive $500,000 bond. Brief for appellant at 4.

STANDARD OF REVIEW

In a habeas corpus action, the fixation of the amount of bail is a matter residing in the sound discretion of the trial court, which will be upheld unless that discretion has been abused. See *Kennedy v. Corrigan*, 169 Neb. 586, 100 N.W.2d 550 (1960).

ANALYSIS

Our record is limited. Longs did not file a praecipe for a bill of exceptions in this case. We are unaware if any hearing took place. The district court's order shows that its decision was based on a review of filings to the district court in this case and judicial notice of proceedings in CR 17-1508. As stated earlier, we do not have in our record many of the filings referenced in the district court's order. The transcript in our record only contains Longs' application for writ of habeas corpus, a "praecipe" requesting issuance of a summons and a copy of that application served on Johnson, and the district court's order from October 25, 2018. In Longs' application, he stated:

Attached to this application for writ of [h]abeas corpus are true copies of all relevant papers filed/[referred] to in [the] application [and] true transcripts/[b]ills of [e]xception of hearings held by the county court on November 28th[,] 2017[, and] the [district court], case # CR 17-1508 on April 19th [and] April 20th of 2018, [and] May 7th, 10th[, and] 17th of 2018.

Those attachments comprise nearly 100 pages that follow Longs' application and "praecipe" in the transcript. Some of those attachments appear to have been written upon, presumably by Longs as they are assertions generally related to his requested relief.

Under the system prevailing in Nebraska, the bill of exceptions is used to present factual evidence to an appellate court, and the transcript is used to present pleadings and orders of the case to the appellate court. *City of Lincoln v. Nebraska Pub. Power Dist.*, 9 Neb. App. 465, 614 N.W.2d 359 (2000). We cannot rely upon information in the transcript to establish facts, even a stipulation of facts. *Id.* A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered. *Heineman v. Evangelical Luth. Good Sam. Soc.*, 300 Neb. 187, 912 N.W.2d 751 (2018).

All of Longs' claims relate to his separate criminal case. Without the ability to review any proceedings of that case, we would have to speculate as to the existence and content or circumstances of different filings, orders, or hearings within it. Therefore, we do not consider Longs' claims regarding lack of jurisdiction and service of the information upon him, absence of an arraignment or preliminary hearing, failure to order him to appear for the May 17, 2018, hearing and arresting him for allegedly no violation of bond or law such that forfeiture of his initial bond was erroneous, or placing him on community corrections; all of which relate to proceedings in

CR 17-1508. It is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. See *Rodriguez v. Surgical Assocs.*, 298 Neb. 573, 905 N.W.2d 247 (2018). A pro se litigant will receive the same consideration as if he or she had been represented by an attorney, and, concurrently, that litigant is held to the same standards as one who is represented by counsel. *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015). We therefore affirm the district court's decision regarding these various alleged errors.

Furthermore, even if Longs had provided a record to support those claims (assuming, without deciding, that the district court had jurisdiction in CR 17-1508), habeas corpus cannot take the place of a writ of error or a direct appeal, which most of those claims require. See *Meyer v. Frakes*, 294 Neb. 668, 884 N.W.2d 131 (2016). See, also, *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012) (where court has jurisdiction of parties and subject matter, its judgment is not subject to collateral attack). As stated in the district court's October 25, 2018, order: habeas corpus is a collateral proceeding and as such cannot be used as a substitute for an appeal or proceedings in error. See *Meyer v. Frakes, supra*.

We can address, however, Longs' habeas corpus claim related to his bond. Although our record of the proceedings in this action is limited, it is sufficient for us to consider whether the district court erred in rejecting Longs' argument that "the bond as set [in CR 17-1508 was] unreasonable in that it [was] too high an amount," and thereby denying Longs' application for a writ of habeas corpus.

At the time relevant to Longs' increased bond, Neb. Rev. Stat. § 29-901(1) (Supp. 2017) provided that it was within the judge's discretion to determine whether any bailable defendant were to be released from custody pending judgment on the defendant's personal recognizance. If the judge determined the defendant was not to be released on his or her personal recognizance, the judge was to consider the defendant's financial ability to pay a bond and impose the least onerous of various conditions listed in the statute intended to reasonably assure the defendant's appearance or eliminate or minimize the risk of harm to others or the public at large. *Id*. One of those conditions was "execution of an appearance bond in a specified amount and the deposit with the clerk of the court in cash of a sum not to exceed ten percent of the amount of the bond"; generally, ninety percent of the deposit would be returned to the defendant upon the performance of appearance(s) and ten percent would be retained by the clerk as appearance bond costs. § 29-901(1)(c)(i). Further, § 29-901(2) provided: "If the amount of bail is deemed insufficient by the court before which the offense is pending, the court may order an increase of such bail and the defendant shall provide the additional undertaking, written or cash, to secure his or her release."

The issue of excessiveness of pretrial bail is not reviewable after a conviction and sentence. *State v. Harig*, 192 Neb. 49, 218 N.W.2d 884 (1974). The appropriate form of relief from denial of a motion to reduce bail claimed to be excessive is by habeas corpus. *State v. Kula*, 254 Neb. 962, 579 N.W.2d 541 (1998). To secure habeas corpus relief, the prisoner must show that he or she is being illegally detained and is entitled to the benefits of the writ. *Evans v. Frakes*, 293 Neb. 253, 876 N.W.2d 626 (2016). In a petition for writ of habeas corpus, if the plaintiff sets forth facts which, if true, would entitle him or her to discharge, then the writ is a matter of right, the plaintiff should be produced, and a hearing should be held thereon to determine questions of fact presented.

*Id.* If the plaintiff fails to show by the facts alleged in the petition that he or she is entitled to relief, then the relief is denied. *Id.*

In determining whether a trial court erred in refusing to reduce a defendant's bail and whether a trial court fixed the proper amount of bail, the defendant is presumed to be guilty. See *Kennedy v. Corrigan*, 169 Neb. 586, 100 N.W.2d 550 (1960). That presumption may be overcome by proof, and the court may take evidence relating to the truthfulness of the charge for the purpose of arriving at a conclusion as to the amount of bail to be exacted. *Id.*

In fixing the amount of bail, the Nebraska Supreme Court has stated that a trial court may consider several factors such as: the atrocity of the offense, the penalty which the law authorizes to be applied in case of a conviction, the probability of the defendant appearing to answer the charge against him if released on bail, the defendant's pecuniary condition, and the nature of the circumstances surrounding the case. *Id.* Similarly, Neb. Rev. Stat. § 29-901.01 (Cum. Supp. 2018) states that in determining appropriate condition(s) of release, the judge (on the basis of available information) is to consider the defendant's financial ability to pay in setting the amount of bond; the judge can also take the following into account:

> [T]he nature and circumstances of offense charged, including any information to indicate that the defendant might engage in additional criminal activity or pose a threat to himself or herself, yet to be collected evidence, alleged victims, potential witnesses, or members of the general public, the defendant's family ties, employment, the length of the defendant's residence in the community, the defendant's record of criminal convictions, and the defendant's record of appearances at court proceedings or of flight to avoid prosecution or of failure to appear at court proceedings.

It is the defendant's burden to prove that his or her bail was excessive. See *Kennedy v. Corrigan, supra* (no abuse of discretion in trial court refusing to reduce defendant's prejudgment bail, especially in view of possible penalty under law of imprisonment for 1 to 5 years for charged offense; defendant failed to present record of evidence showing otherwise).

Because our record contains no evidence, there is no proof that Longs rebutted the presumption of his guilt for purposes of the district court (in the criminal case) in setting his bail amount. The district court in this action noted from its review of the criminal proceedings that Longs' bond was set at $500,000/10 percent after Longs failed to appear at a hearing on May 17, 2018; Longs conceded in his application that he was not at that hearing. There seems to have been a lengthy delay before the criminal proceedings could continue, as Longs was said to have been arrested pursuant to the bench warrant on August 31, over 3 months after Longs' failure to appear. Whatever reasons Longs may have had for not appearing at the May 17 hearing, he produced no record of the evidence, if any, offered to support those reasons. Although Longs has not provided us with a record to assess the circumstances of his criminal case, the district court (in this case and in the criminal case) would have had that information available to it. And the district court's order in this action informs us that the information charged Longs with first degree assault under § 28-308, which we note is a Class II felony under § 28-308(2) and, thus, is punishable by a minimum of 1 year and up to 50 years of imprisonment under Neb. Rev. Stat. § 28-105(1) (Reissue 2016).

Based on the record before us, we cannot say that $500,000 was unreasonable or disproportionate to the felony with which Longs was charged. And importantly, the record supports that there was an increased concern regarding whether Longs would continue to appear if he were released on bail in light of his previous failure to appear, and Longs has put forth no evidence to the contrary. We conclude there was no abuse of discretion in setting Longs' bond at $500,000/10 percent. Accordingly, the district court in this case did not err in denying Longs' application for a writ of habeas corpus.

## CONCLUSION

For the reasons set forth above, we affirm the decision of the district court denying all relief sought by Longs and dismissing his case.

AFFIRMED.